FRANK D. SCHEIBLE

*v.*

JOHN RINCK, Admr. *et al.*

*Opinion filed April 16, 1902.*

1. WILLS—*filing bill to contest will is not a renunciation.* Filing a bill to contest a will does not amount to a renunciation by the complainant of a devise to him in such will.

2. SAME—*filing bill to contest a will does not extend period for making renunciation.* Filing a bill to contest a will does not extend the time within which a renunciation must be filed under the provisions of sections 10 and 11 of the Dower act.

3. SAME—*devise to husband by wife puts the devisee to election.* A devise from wife to husband puts him to his election to accept the devise or renounce it in manner and form as provided by section 11 of the Dower act and within the time therein specified, and his failure to make renunciation gives rise to a conclusive presumption of his acceptance of the devise.

4. SAME—*section 12 of Dower act construed.* Section 12 of the Dower act has no application to the case of a surviving husband or wife who has accepted the provisions of a will and thereby takes property by devise and not by right of dower.

WRIT OF ERROR to the Circuit Court of Rock Island county; the Hon. W. H. GEST, Judge, presiding.

JOSEPH L. HAAS, and JOHN T. KENWORTHY, for plaintiff in error.

SEARLE & MARSHALL, for defendants in error.

Mr. JUSTICE BOGGS delivered the opinion of the court:

Anna Scheible, wife of the plaintiff in error, died August 16, 1894, leaving neither child, children nor descendants thereof. She left a last will, which was proven and admitted to probate, and letters testamentary thereon issued on the 25th day of August, 1894. Clause 1 of the will devised to the plaintiff in error, husband of the testatrix, an estate for life in all of her real property, and clause 8 bequeathed her "furniture" to him. The will contained no expression indicating that it was the intention of the testatrix the devise should not bar the dower of the plaintiff in error. The plaintiff in error did not, within one year after the grant of letters testamentary, make renunciation of the devise found in the will, in manner as provided by section 11 of the Dower act. On the 27th day of November, 1894, being within less than one year after the grant of letters testamentary, the plaintiff in error filed a bill in chancery in the circuit court of Rock Island county to contest the will of his deceased wife on the ground she was lacking in mental capacity to execute the instrument, and on the further ground the execution thereof was obtained by undue influence, fraud and compulsion. The proceedings to contest the will terminated on the 7th day of December, 1895, in a decree establishing the validity of the instrument as the last will and testament of the deceased. On the 6th day of January, 1896, being more than one year after the issuance of letters testamentary to the executor of the estate of the deceased, the plaintiff in error placed among the files of the estate of said deceased in the county court of Rock Island county a written instrument setting forth that he renounced the devise and any and all provisions made to him by the last will and testament of his said wife, and that he elected to take in lieu thereof, and in lieu of his dower in the real estate of which she died seized, or of any share of the personal estate of said deceased which he might be entitled to

take with such dower, absolutely and in his own right, one-half of all the real and personal estate which should remain after the payment of all just debts and claims against the estate of said deceased. A motion was entered in the county court to strike said renunciation and election from the files, but the motion was not passed upon and remains pending and undetermined. On the 9th day of September, 1898, the plaintiff in error filed this his bill in equity against the defendants in error, who are the personal representatives, devisees and legatees of his deceased wife, in which he alleged he was the owner in fee of an undivided one-half of all the real and personal estate of which the said Anna died seized which should remain after the payment of all just debts and claims allowed against her estate. The prayer of the bill was, that partition be made of the real estate of which the said deceased died seized, between the plaintiff in error and the defendants to the bill, and an undivided one-half thereof be allotted and set apart to him, and that a decree be entered establishing and confirming his title to an undivided one-half of such of the personal estate as should remain after the payment of all debts and claims against the estate. A general demurrer to the bill was sustained and the bill dismissed at the cost of the plaintiff in error. Whether the bill was obnoxious to demurrer is the only question arising upon the record.

Had the said wife of the plaintiff in error died without leaving a will, one-half of all real estate owned by her and the whole of the personal estate would have descended to the plaintiff in error as his absolute estate forever, by virtue of the *third* subdivision of section 1 of chapter 39, entitled "Descent." (Rev. Stat. p. 417.) The deceased having executed a will, the provisions of the said third subdivision of section 1 of chapter 39 became inoperative, for such provisions have reference only to intestate estates. The only limitations upon the power

of the testatrix to dispose of her property by will are those found in sections 1, 9, 10, 11 and 12 of chapter 41, entitled "Dower," the estate of homestead being not involved, so far as is disclosed by the pleadings.

The devise to the plaintiff in error of an estate for life in the lands of which the testatrix died seized, under the operation of section 10 of said chapter 41, made it incumbent on plaintiff in error to renounce the benefit of the devise to him if he desired to retain his right given by section 1 of the chapter to dower in such lands. He did not file "a written renunciation of such devise" within the period of one year, in accordance with the requirement of section 11 of said chapter 41, nor did he file, at any time, a written renunciation as being in compliance with the provisions of said section 11. Within said period of one year the plaintiff in error filed a bill in chancery to contest the validity of the will of his deceased wife. This, it is urged, operated to suspend the running of the limitation of the period of one year allowed in which to renounce the benefits of the devise.

The filing of a bill to contest a will could not be deemed and taken to constitute a renunciation of a devise to the contestant of the will. A successful contest of the will in the case at bar would have left the estate intestate. All devises and bequests would have failed, and the plaintiff in error would have taken, under the third subdivision of section 1 of the chapter on descent, one-half of the real and the whole of the personal estate of the deceased. An unsuccessful attempt to break the will would not have deprived him of his rights as a devisee. The law attaches no such penalty to an attempt to set aside a will. An unsuccessful contest of a will establishes the validity of its provisions, and the devises and bequests therein provided control the disposition of the property of the maker of the will. One may seek to overthrow a will without any intention of renouncing a devise therein in his favor in case the will is held to

be valid, consequently the institution of a proceeding to contest the validity of a will is not equivalent to a renunciation of a devise in the will. Nor does it present any ground for the position that the institution of the proceeding to contest the will has operation to extend the time fixed by the statute within which a renunciation must be filed under the provisions of sections 10 and 11 of the Dower act. The devise in the will of said testatrix put the plaintiff in error to his election to accept the devise or renounce it in manner and form as provided by the said section 11, and within the time therein specified. He did not make the renunciation, and therefrom arises the conclusive presumption of acceptance upon his part of the devise in his favor. *Cribben* v. *Cribben*, 136 Ill. 609; *Warren* v. *Warren*, 148 id. 641; *Carper* v. *Crowl*, 149 id. 465.

Counsel for plaintiff in error urge that section 12 of the Dower act secures to a surviving husband or wife whose spouse has died testate without leaving child, children or descendants thereof, and who did not renounce a devise in the will in his or her favor, whereby the devise became effectual in bar of dower, the right to elect to take one-half of all the real and personal estate which should remain after the payment of all debts and claims, in lieu of the devise or bequest. This is an entire misapprehension of the true meaning of section 12. The section is as follows:

"Sec. 12. If a husband or wife die testate, leaving no child or descendants of a child, the surviving husband or wife may, if he or she elect, have, in lieu of dower in the estate of which the deceased husband or wife died seized, (whether the right to such dower has accrued by renunciation as hereinbefore provided, or otherwise) and of any share of the personal estate which he or she may be entitled to take with such dower, absolutely, and in his or her own right, one-half of all the real and personal estate which shall remain after the payment of all just debts and claims against the estate of the deceased hus-

band or wife. The election herein provided for may be made whether dower has been assigned or not, and at any time before or within two months after notification to the survivor of the payment of debts and claims, and not afterwards."

It has no application to the case of a surviving husband or wife who has accepted the provisions of a will and thereby takes property by devise, and not by right of dower. It applies only to a husband or wife whose right to dower has not been barred,—as, for instance, a husband or wife to whom nothing has been devised or bequeathed in the will of the deceased, or to whom a devise or bequest is given accompanied by an expression in the will showing it was not the intention of the testator or testatrix the devise or bequest should be in bar of the right of dower, or who has renounced, in accordance with the statutory requirements, the devise or bequest. There must be a subsisting right of dower to entitle a surviving wife or husband to make the election provided for in said section 12. The election is to take one-half of the real and personal estate of the testator or testatrix remaining after the payment of all claims and debts, in lieu of that which the survivor would be entitled to take as dower in the lands of the deceased and the interest otherwise allowed in the personal estate of the testator. The plaintiff in error having failed to renounce the devise in the will of his wife lost his right to dower, and instead thereof must take the property devised and bequeathed to him in the will. Had he renounced the devise and preserved his right to dower he would then have been entitled to exercise the right given in section 12, to elect to take in accordance with the provisions of said section 12.

The decree is affirmed.                    *Decree affirmed.*