TREADWELL v. CLARK et al.

(Supreme Court, Appellate Division, First Department. February 7, 1908.)

STIPULATIONS—CONSTRUCTION—INTENTION OF PARTIES.

In an action to redeem a stock certificate the judgment decreed that plaintiff was entitled to redeem, directed defendant to deliver the certificate, together with certain moneys due thereon, and provided that 30 days' time be allowed to make the delivery, and that on default plaintiff, at his option, might enter a money judgment and have execution therefor against defendant. The judgment was affirmed by the Appellate Division. On appeal to the Court of Appeals the parties stipulated that execution of the judgment or the order affirming it be stayed and defendant's time to comply with the directions of such judgment extended "until 30 days after the affirmance or dismissal of said appeal by the Court of Appeals." On November 19, 1907, the Court of Appeals affirmed the Appellate Division order, but the remittitur was stayed, pending a motion for a reargument. The motion was denied, and the stay vacated, and thereafter, on December 20, 1907, plaintiff's attorney filed the remittitur and submitted an affidavit showing defendant's default and plaintiff's election to take the money judgment, whereupon judgment was rendered for plaintiff in the amount fixed by the trial court. *Held*, that such judgment was properly entered; the stipulation giving defendant 30 days after the affirmance by the Court of Appeals within which to make the delivery, and not 30 days from the time the proceedings were remitted to the trial court.

Appeal from Trial Term.

Action by George A. Treadwell against William A. Clark and others. From an order denying a motion to vacate a judgment for plaintiff, defendant William A. Clark appeals. Affirmed.

See 107 N. Y. Supp. 1147.

Argued before PATTERSON, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

Alfred B. Cruikshank, for appellant.
Charles M. Demond, for respondent.

McLAUGHLIN, J. This action was brought to redeem a certificate for 100 shares of the capital stock of the United Verde Copper Company, on payment of a certain sum for which it had been pledged, and for an accounting. A trial of the issues raised by the pleadings resulted in a judgment in favor of the plaintiff. The judgment de-

creed that the plaintiff was entitled to redeem the certificate upon payment of the amount of the pledge, with interest, and directed the appellant Clark to deliver the certificate of 100 shares and a $1,000 debenture bond to the plaintiff, and in addition pay to him $7,056.79, the balance of dividends made upon the stock after deducting therefrom the amount of the pledge and the amount which defendant originally paid for the stock. The judgment further provided that 30 days' time was allowed for the purpose of making such deliveries, and, in case of defendant's default, "then the plaintiff at his option, and upon proof of said default at the foot of this decree, may enter judgment against the defendant William A. Clark in the sum of $30,000, which was the value of said 100 shares of stock at the date of the trial hereof, and for the further sum of $1,000, which was the value of said debenture bond at the date of the trial hereof, with interest upon both of said sums from December 22, 1904, the date of said trial, and shall be entitled to have execution therefor against said defendant William A. Clark."

An appeal was taken from the judgment to this court, and the same was affirmed (114 App. Div. 493, 100 N. Y. Supp. 1); and from the order of affirmance an appeal was taken to the Court of Appeals, where the same, on the 19th of November, 1907, was affirmed (190 N. Y. 51, 82 N. E. 505). Upon the appeal to the Court of Appeals the parties entered into a stipulation, through their respective attorneys, which recited the fact that such appeal had been taken from the order of affirmance of the judgment by the Appellate Division, and an undertaking given to perfect the appeal, and that a further stay of said execution of said judgment until 30 days after the affirmance of said appeal or its dismissal by the Court of Appeals was desired, and therefore it was stipulated as follows:

"(1) That the execution of said judgment of February 16, 1905, or of the order or judgment affirming the same in the Appellate Division, be stayed until 30 days after the affirmance of defendant's appeal or the dismissal of said appeal by the Court of Appeals. (2) That the time of the defendant William A. Clark to comply with any and all of the terms and directions of said judgment or judgments be extended until 30 days after the affirmance or dismissal of said appeal by the Court of Appeals."

Upon the stipulation an order was entered following its terms. The appeal was argued on the 13th of June, 1907, and on the 19th of November following the Court of Appeals handed down its decision, affirming the order of the Appellate Division, which affirmed the judgment of the Special Term, and the remittitur was signed by the clerk of the Court of Appeals on the 20th of that month, but was not sent down to the Supreme Court until the 20th of December, 1907. A motion for a reargument in the Court of Appeals was submitted December 9th, and pending the determination of that motion the issuance of the remittitur was stayed. The motion for a reargument was denied, and the stay vacated. On the 20th of December, 1907, the plaintiff's attorney filed the remittitur and procured an order making the judgment of the Court of Appeals the judgment of the Supreme Court, and he at the same time submitted an affidavit showing the default of Clark, and plaintiff's election to take a money judgment as

provided in the decree, and thereupon a judgment was entered in his favor for $44,894.43, which was the value of the stock and bond above referred to, as fixed by the judgment of the trial court, and interest thereon and the dividends paid, after deducting the amount for the payment of which the certificate was originally pledged and the amount paid for the certificate. After the judgment had been entered a motion was made on behalf of Clark to vacate the same, on the ground that it was in violation of the stipulation, and for 30 days' time within which to comply with the terms and conditions of the judgment. The motion was denied, and it is from this order the appeal is taken.

I am of the opinion the judgment was properly entered, and the motion to vacate properly denied. The judgment appealed from was affirmed by the Court of Appeals on November 19, 1907. This is evidenced by the certificate of the clerk of that court, by the remittitur itself, and by the affidavit of defendant's attorney, in which he states that the appeal was heard the 13th of June, 1907, and "a memorandum of decision was handed down November 19, 1907, and an opinion affirming said judgment." It is now contended that under a proper construction of the stipulation the judgment was not in fact affirmed by the Court of Appeals until after it had remitted the proceedings to the Supreme Court, and its remittitur was filed and judgment entered thereon. The stipulation, however, makes no reference to the filing of the remittitur, but simply provides "that the time of the defendant William A. Clark to comply with any and all of the terms and directions of said judgment or judgments be extended until 30 days after the said affirmance or dismissal of said appeal by the Court of Appeals." It is true that a stay of the issuance of the remittitur by the Court of Appeals was granted; but this contained no provision as to the extension within which Clark might comply with the provisions of the judgment, nor did it have any effect on the stipulation. The words in the stipulation, "affirmance by the Court of Appeals," are not ambiguous, and but one meaning can be gathered from them. They mean the action of that court as to the validity of the judgment from which the appeal was taken, and not the action of the Supreme Court upon a remittitur from the Court of Appeals informing it what had there been done. The affirmance or reversal of a judgment in the Court of Appeals always precedes the remittitur or the entry of an order thereon. The filing of the remittitur, or the entry of an order in pursuance of it, in the Supreme Court, has no more to do with the affirmance or reversal of a judgment by the Court of Appeals than has the appeal from the Supreme Court to it. Indeed, the remittitur is nothing more or less than a copy or statement of the judgment or order of the Court of Appeals. Section 194, Code Civ. Proc.; rule 16 of the Court of Appeals.

The judgment which was affirmed by the Court of Appeals gave the plaintiff an option whether to take the certificate of stock and the bond, or their value as there determined, with interest, if Clark failed within the time specified to comply with the terms imposed. The stipulation gave him 30 days after the affirmance by the Court of Appeals within which to exercise this option. He did not see fit to do

so, and plaintiff, acting upon the rights given to him by the judgment and stipulation, elected to take the value of the certificate of stock and the bond, which he did by entering a judgment for that amount. Indeed, it may well be doubted whether the court at Special Term had any power, after the judgment had been affirmed by the Court of Appeals, to modify the judgment, or any of its terms, except in so far as the same had been specifically provided by the stipulation of the parties; but, if it did have such power, upon the facts presented, it properly refused to exercise the same. The judgment of the Trial Term gave the plaintiff the right to enter the judgment here complained of.

The stipulation did not take away that right, and my conclusion, therefore, is that the motion was properly denied, and the order should be affirmed, with $10 costs and disbursements. All concur.