### TREADWELL v. CLARK et al.

(Supreme Court, Appellate Division, First Department. February 7, 1908.)

1. EQUITY—GROUNDS—MISTAKE OF LAW.

    Where defendant was advised by counsel that a certain certificate of stock could be delivered at any time within 30 days after the remittitur of the Court of Appeals had been filed in the Supreme Court, but such certificate under the decision of the Supreme Court and the stipulation of the parties should have been delivered within 30 days from the affirmance by the Court of Appeals, the fact that defendant acted upon counsel's erroneous view as to the law is not a sufficient ground for relief.

2. CORPORATIONS—STOCK—PLEDGEE—ACTION FOR REDEMPTION—JUDGMENT.

    A judgment in an action to redeem corporate stock decreed that within 30 days defendant should deliver to plaintiff a certain certificate of stock, or that plaintiff might take a money judgment for its value. Defendant by his appeals caused considerable delay in satisfying the judgment; but the Court of Appeals finally affirmed the judgment. Defendant failed to deliver within 30 days, and the money judgment was entered against him. *Held,* that it would be inequitable to plaintiff to compel him, after such default, to take in lieu of a money judgment the certificate of stock, which has depreciated in value.

Appeal from Trial Term.

Action by George A. Treadwell against William A. Clark and others. From an order denying a motion extending the time to deliver a certain certificate of stock, defendant William A. Clark appeals. Affirmed.

See 107 N. Y. Supp. 1147.

Argued before PATTERSON, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

Alfred B. Cruikshank, for appellant.
Charles M. Demond, for respondent.

McLAUGHLIN, J. This appeal is from an order denying appellant's motion for an extension of time to deliver a certain certificate of stock. The appeal was argued in connection with a motion to vacate a judgment between the same parties. The two appeals are practically identical, and are based upon substantially the same facts, and for

the reasons stated in the opinion delivered in the other appeal (108 N. Y. Supp. 730) this order must be affirmed.

It is true, on the motion which resulted in the order here appealed from, an affidavit was presented by Clark to the effect that he acted upon the advice of counsel, who informed him that the certificate of stock and the bond could be delivered at any time within 30 days after the remittitur of the Court of Appeals had been filed in the Supreme Court. This advice, if given, was an erroneous view as to the law, and is not a sufficient ground for relief. Weed v. Weed, 94 N. Y. 243; Jacobs v. Morange, 47 N. Y. 57.

There is in this affidavit a statement to the effect that the certificate of stock is not worth $30,000, or anything near like that amount, and it would be unjust and inequitable to compel defendant to pay that sum. The trial court found that this was the value of the certificate at the time the trial took place. The plaintiff has been prevented since that time from either receiving the value or taking the certificate by reason of the defendant's appeals. Defendant having been the sole cause of the delay, it would seem to be unjust and inequitable to the plaintiff to now compel him to take the certificate of stock; it having depreciated in value.

The order appealed from, therefore, is affirmed, with $10 costs and disbursements. All concur.

