GEORGE HERMANN, Respondent, *v.* KATE LUDWIG et al., Appellants, Impleaded with Another.

**Appeal — when judgment entered upon order of reversal insufficient — case remitted to Supreme Court for perfection of judgment — not reviewable by Court of Appeals on appeal from order alone.**

When the Appellate Division in reversing a judgment makes new findings of fact and conclusions of law and by its order provides for equitable relief and costs and directs that judgment be entered accordingly, the entry of a judgment which merely recites the reversal of the judgment and adjudges recovery of costs is insufficient, and the Court of Appeals, upon appeal therefrom, will remit the case to the Supreme Court for perfection of the judgment. The decision of the Appellate Division is not reviewable by an appeal from the order made thereat alone, but must be from the judgment entered upon the order of reversal.

(Argued December 2, 1919; decided December 9, 1919.)

APPEAL from a judgment entered April 12, 1912, upon an order of the Appellate Division of the Supreme Court in the second judicial department, reversing a judgment in favor of defendants entered upon a dismissal of the complaint by the court on trial at Special Term and directing judgment in favor of plaintiff.

*Henry A. Friedman* and *Charles L. Hoffman* for Kate Ludwig, appellant.

*Howard C. Taylor* for Christopher Hermann et al., appellants.

*Sydney Rosenthal* and *George C. Lay* for respondent.

*Per Curiam.* Plaintiff brought this action in equity to establish a will jointly executed by himself and wife on September 30, 1895, also for other relief. The complaint was dismissed at the Trial Term. From the judgment dismissing complaint on the merits, plaintiff appealed to the Appellate Division. The latter court reversed the judgment entered upon the decision of the Trial Term, reversed numerous findings made thereat and made new findings of fact and conclusions of law favorable to the plaintiff. The order of the Appellate Division provided for equitable relief and that plaintiff recover costs and disbursements of the court below and of " this court " to be taxed, and further that " judgment be entered accordingly." Plaintiff thereupon entered a judgment which recited the reversal of the judgment below and adjudged that plaintiff recover of the defendants $829.99 costs and have execution therefor, but failed to enter the judgment directed by the order of the Appellate Division. Upon the appeal herein counsel for both parties argued at length various questions determined by the findings made by the Appellate Division. The record discloses a failure on the part of plaintiff's counsel to comply with the order of the Appellate Division which directed a judgment to be entered in accordance with the order made thereat, and as required by the Code of Civil Procedure (Sections 1345, 1355), thus leaving as the only judgment sought to be reviewed a judgment for costs. Even if we should affirm the judgment appealed from, such action would not enable the plaintiff to enforce the relief which he was awarded by the Appellate Division. The order alone is not a complete judgment but forms a part of the judgment roll. Judgment in pursuance of the order should have been perfected. It is not the province of this court to pass upon the questions involved in a case like the one at bar upon such a judgment as the one entered in this action. The decision of the Appellate Division herein is not reviewable by an appeal from the order

made thereat alone, but must be from the judgment entered upon the order of reversal.

The case is, therefore, remitted to the Supreme Court for such action as may be deemed proper.

HISCOCK, Ch. J., CHASE, COLLIN, HOGAN, McLAUGH-LIN, CRANE and ANDREWS, JJ., concur.

Ordered accordingly.