ISAAC KASTON, Respondent, *v.* NATHAN ZIMMERMAN, Defendant, Impleaded with GEORGE ORLOVE & CO., INC., Appellant.

First Department, March 11, 1921.

Appeal — Court of Appeals — appeal as of right from judgment entered on order of affirmance by Appellate Division by divided court — questions not to be certified — when questions to be certified — notice of appeal to Court of Appeals to specify intermediate order to be reviewed.

A judgment of the Appellate Division entered on an order affirming a judgment of the Special Term of the Supreme Court is a final determination of the action and an appeal to the Court of Appeals lies therefrom as of right where the affirmance is not unanimous; the appeal is not taken from the order of affirmance but from the judgment entered thereon.

It would be improper in such case to certify questions of law to be reviewed by the Court of Appeals, as it is only where an appeal is allowed from a determination of the Appellate Division, other than from a judgment which finally determines the action, that one or more questions must be

certified, and when an appeal is allowed from a judgment finally determining the action, the court merely certifies that in its opinion a question of law is involved which ought to be reviewed by the Court of Appeals. If upon an appeal to the Court of Appeals as of right from a judgment entered on an order of affirmance by the Appellate Division, the appellant intends to review any intermediate order, the notice of appeal must distinctly specify such order to be reviewed.

Motion for leave to appeal to the Court of Appeals from a determination of the Appellate Division, First Department, affirming a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Bronx on the 5th day of November, 1920, on the decision of the court rendered after a trial at the Bronx Special Term.

*Morris Grossman,* for the motion.

*Henry Waldman,* opposed.

PER CURIAM:

This is a motion for leave to appeal to the Court of Appeals from the determination of this court affirming a judgment for the plaintiff entered upon a decision after a trial at Special Term of the Supreme Court, Bronx county. The order of affirmance was entered February 4, 1921, two of the justices dissenting. (195 App. Div. 930.) The judgment of this court when entered upon such order would be a final determination of the action. In any event, therefore, it would be improper to formulate any questions of law to be reviewed by the Court of Appeals, as it is only where an appeal is allowed from a determination of the Appellate Division, other than from a judgment or order which finally determines an action or special proceeding, that one or more questions must be certified, in which case the appeal brings up for review the question or questions so certified, and no other (Code Civ. Proc. § 190, subd. 3); but where the appeal allowed is from a judgment or order which finally determines the action or special proceeding, this court merely certifies that in its opinion a question of law is involved which ought to be reviewed by the Court of Appeals (Id. subd. 4), upon which certificate every proper question of law involved may be raised on the appeal. Section 190 of the Code of Civil Procedure (Subd. 1), however,

provides that an appeal may be taken as of right to the Court of Appeals from a judgment or order entered upon a decision of the Appellate Division which finally determines an action or special proceeding, where, among other reasons, one or more of the justices dissents from the decision of the court. The appeal must be taken from the judgment of the Appellate Division entered pursuant to section 1355 of the Code, and not from the order upon which such judgment is entered. (*Dwight* v. *Gibb,* 208 N. Y. 153; *Osborn* v. *Cardeza,* 209 id. 530; *Howes* v. *New York Press Co.,* 224 id. 575.)  When a judgment has been entered upon the order of this court filed herein on February 4, 1921, an appeal therefrom may be taken as of right to the Court of Appeals.  If upon such appeal the appellant intends to review any intermediate order, the notice of appeal must distinctly specify such order to be reviewed.  (Code Civ. Proc. § 1301.)

This motion is, therefore, denied as unnecessary.

Present — CLARKE, P. J., LAUGHLIN, DOWLING, SMITH and GREENBAUM, JJ.

Motion denied.