FRANK DRAKE, Plaintiff, *v.* JOSEPH H. HODGSON and Others, Defendants.

Supreme Court, New York Special Term, September, 1922.

**Practice — right of plaintiff to compel entry of judgment dismissing complaint — non-payment of motion costs no reason for denying plaintiff relief.**

Where upon motion for judgment on the pleadings an order dismissing the complaint was granted, a motion by plaintiff to compel the entry of judgment pursuant to the order wi'l be granted with direction that unless judgment be entered by defendant within ten days the same may be entered by plaintiff. Such a motion by plaintiff being but a step in an attempt to review the order

---

[*] See Laws of 1923, chap. 12, in effect February 27, 1923.

entered on defendant's motion brings plaintiff within the exception of section 1520 of the Civil Practice Act and a motion to set aside the service of the notice of plaintiff's motion on the grounds that because of his default in the payment of costs imposed by said order all proceedings on his part are stayed will be denied.

MOTION to compel entry of judgment.

*Goldman & Unger,* for plaintiff.

*Walton, Bannister & Hubbard,* for defendant Hodgson.

MARTIN, J.   Defendant Hodgson on or about June fifth obtained an order granting his motion for judgment on the pleadings dismissing the complaint, and plaintiff moves that judgment of dismissal, pursuant to the order, be entered by the defendant or by the clerk at the instance of the plaintiff. Defendant moves that the service of plaintiff's notice of motion be set aside on the ground that because of plaintiff's default in payment of the costs imposed by the order all plaintiff's proceedings are stayed by the statute. Civil Practice Act, § 1520.   As plaintiff's motion is concededly but a step in an attempt to review the order, I think he has brought himself within the exception specified in the act, and defendant's motion to set aside is denied.   Although plaintiff could have appealed from the order dismissing the complaint he did not take advantage of that privilege, and defendant urges that plaintiff's motion is solely for the purpose of enlarging his time to appeal and should, therefore, be denied.   In *Mitchell* v. *Dunmore Realty Co.,* 135 App. Div. 583, it is held that a party may appeal from a judgment granted on the pleadings or from an order granting such judgment, or he may appeal from such judgment and include in the appeal the order for the judgment.   Although in a case, as here, where the order dismisses the complaint, neither party may deem it necessary to enter formal judgment, as under our forms of procedure an action is determined by judgment, it seems to me that the unsuccessful party upon the default of the other party in that regard should be permitted to enter final judgment, thus completing the formal record of the action in the trial court. *Wilson* v. *Simpson,* 84 N. Y. 674.   Defendant's motion to vacate denied.   Plaintiff's motion granted to the extent of directing that unless final judgment be entered by defendant within ten days such judgment may be entered by plaintiff.

Ordered accordingly.