Frank McWilliams, Inc., Appellant, *v.* Ætna Insurance Company, Respondent.

Supreme Court, Kings Special Term, January, 1923.

Practice — right of defeated party to compel opponent to enter judgment — right to appeal.

Where a defendant fails to take any necessary step, proper action on his part may be compelled upon a motion by the plaintiff.

A decision reversing a judgment in favor of plaintiff was handed down by the Appellate Division on July 21, 1922, and though a copy of the order of reversal with notice of entry in the office of the clerk of that court was served upon plaintiff's attorneys on August 21, 1922, no order was served upon them with notice of entry showing that said order of reversal had been entered in the county clerk's office and no judgment on said order was ever entered in said office. *Held,* that a motion to compel the defendant, as was its duty to do, to enter in the county clerk's office a regular judgment based upon the order of the Appellate Division reversing the judgment of the Trial Term, so as to fix the date from which to compute plaintiff's time for taking an appeal, will be granted, with costs.

Motion to compel entry of judgment.

*Macklin, Brown & Van Wyck,* for plaintiff.

*Bigham, Englar & Jones,* for defendant.

Dike, J. An interesting question of practice is presented upon this application of plaintiff, who is seeking to compel the defendant to enter judgment of reversal in the office of the county clerk of Richmond county, following the order of the Appellate Division.

This particular action, with seven others, was tried at the Richmond county Trial Term in April of the year 1921. The plaintiff obtained judgment in all of these cases, which judgment was reversed by the Appellate Division and in each case the complaint was dismissed.

The decision of this motion is of peculiar interest to the plaintiff because if the defendant's contention is correct, the plaintiff has lost his right of appeal by reason of the plaintiff's failure to file an appeal from the said order of the Appellate Division. The plaintiff contends that he still possesses his right of appeal, by reason of the fact that the defendants have failed to enter appropriate judgments. It appears that the decision was handed down on July 21, 1922. A copy of the order of the Appellate Division with notice of entry in the office of the clerk of that court was served on plaintiff's attorneys on August 21, 1922. No order, it appears, has been served on plaintiff's attorneys, with notice of entry showing that the Appellate Division order of the reversal has been entered in the county clerk's office of Richmond county, and furthermore, no judgment on the order of the Appellate Division has been entered in the office of that clerk.

Defendant now urges that the order of the Appellate Division, above mentioned, as entered in the office of the clerk of the Appellate Division is sufficient as it stands. The point for the court to decide is whether under the Civil Practice Act the defendants have been relieved from the duty of entering a regular judgment, based upon the entry of the order of reversal of the Trial Term judgment, in the county clerk's office of Richmond county. If this order, entered as above stated, is sufficient, then the plaintiff's time to appeal to the Court of Appeals has lapsed. It must, therefore, be determined under the Civil Practice Act whether the judgment ought to have been entered by the defendant, who was successful upon the appeal, and upon the entry thereof fixing the date from which to compute the time to appeal.

Under section 1355 of the Code of Civil Procedure it would appear to be the duty of the defendant to enter the order of reversal in the county clerk's office. It is interesting in this connection to compare section 1355 of the Code of Civil Procedure with section 621 of the Civil Practice Act. Part of the latter reads as follows, namely, " The judgment, if any, rendered or directed, pursuant to any such order, shall be entered by the clerk to whom the order and the case and papers were transmitted."

In *Dwight* v. *Gibb*, 208 N. Y. 153, the court held that the appeal must be taken from the judgment which was entered in the county clerk's office on the certified copy of the order of the Appellate Division. In this case section 1355 of the Code of Civil Procedure is construed at page 158 which reads: " The judgment so entered in the county clerk's office was the judgment of the Appellate Division. It was a final judgment of the Appellate Division, entered as such in the office of the clerk of the county because the statute provides

that such judgment shall be so entered. An appeal was properly taken therefrom to this court. It was not necessary to appeal from the order upon which the judgment was entered. Indeed, to appeal from the order would have been of no effect, and a reference in the appeal from the judgment to the order for the purpose of appealing therefrom would have been surplusage."

In *Hermann* v. *Ludwig*, 227 N. Y. 632, the record was remitted to the Supreme Court for the perfection of the judgment. *Kaston* v. *Zimmerman*, 196 App. Div. 260; *Silverstein* v. *Standard Acc. Ins. Co.*, 221 N. Y. 332.

In *Hermann* v. *Ludwig*, *supra*, the contention of the plaintiff that the judgment should have been entered formally by the defendant's attorneys seems to be sustained.

" Plaintiff thereupon entered a judgment which recited the reversal of the judgment below and adjudged that plaintiff recover of the defendants $829.99 costs and have execution therefor, but failed to enter the judgment directed by the order of the Appellate Division. * * * The record discloses failure on the part of plaintiff's counsel to comply with the order of the Appellate Division which directed a judgment to be entered in accordance with the order made thereat, and as required by the Code of Civil Procedure (Sections 1345, 1355)."

Looking at this matter in a practical way, it becomes in my judgment the duty of the attorney to prepare the proper judgment, just as an attorney would in the case of judgment in foreclosure, for presentation to the court. A county clerk, particularly in counties like New York county, Kings county or Erie county, where there is an enormous mass of business, would find it impossible to prepare a proper judgment, and so in this case I hold that the plaintiff's contention is correct. Section 1355 of the Code of Civil Procedure and section 621 of the new Civil Practice Act, so far as the merits of this application are concerned, are identical. Where a party has failed to take a necessary step, such as, in this case, is contended for by the plaintiff, by application, such as this one, proper action may be compelled.

I, therefore, direct that the defendant shall prepare and submit to the county clerk of Richmond county a proper judgment on the order of the Appellate Division, and plaintiff shall have ten dollars costs of this motion.

Ordered accordingly.