Annette Bransfield de Ronchi, Appellant, v. Northern Trust Company et al., Appellees.

Gen. No. 39,245.

Denis E. Sullivan, J., dissenting.

Opinion filed October 20, 1937.

EUGENE VINCENT CLARKE, of Chicago, for appellant.

GEORGE E. BILLETT and JOHN J. GREALIS, both of Chicago, for appellees.

MR. PRESIDING JUSTICE HEBEL delivered the opinion of the court.

This is an appeal prosecuted by the plaintiff from a decree entered in the circuit court of Cook county dismissing the second amended complaint filed by her, on motion of the defendants to strike the complaint. The suit was instituted on December 18, 1934. The complaint filed by the plaintiff was stricken by the court and leave was granted the plaintiff to file an amended complaint, which was thereafter filed. The court allowed the defendants' motion to strike the amended complaint and again granted leave to the plaintiff to file her second amended complaint. A similar motion was made by the defendants to strike the second amended complaint, and upon the allowance of this motion by the court, the suit was dismissed and the plaintiff appealed from the final order to this court.

The second verified amended complaint, filed on August 19, 1935, alleges that the plaintiff was the legal wife, and is now the widow of Ignatius M. Bransfield. On February 5, 1931, she signed a certain paper, a copy of which was attached to the complaint and marked Exhibit A, which is a postnuptial contract, under the terms of which the plaintiff releases all her rights which she had acquired as the wife of said Bransfield in the property which was then owned by him; that said contract was signed in the office of

Oswald D. Luby, attorney for Bransfield; that at the time of signing plaintiff was sick and unable to understand what she was doing. She had not been informed in any way as to the nature of the contract, and had no knowledge of its contents, and she did not read the same, nor was it read to her; that Bransfield was the owner of property in the value of $268,000, and that she did not possess any property except personal articles of clothing, which did not exceed in value $300; that Oswald D. Luby was the owner of all of the stock of the Corporation Accounting Company, and for 17 years said company had acted as accountant for the corporations of which Bransfield was president. Bransfield died on April 19, 1932, leaving a will which was admitted to probate and letters testamentary issued to the Northern Trust Company, under which will a testamentary trust was created of all the property left by Bransfield, naming plaintiff as beneficiary of a 40 per cent interest in the income of said trust estate.

Prior to learning that the contract was voidable and during the course of administration of the estate, plaintiff consulted counsel as to the validity of the postnuptial contract, and was advised that the contract was valid and binding, and that plaintiff was under duty to elect to take under the will of the said Bransfield, or to take nothing. Plaintiff acting on said advice and believing she was compelled to take under the will and had no right to renounce the will, signed the election to take under the will within the probate year in accordance with the laws of Illinois. Plaintiff alleges that there was no consideration for the postnuptial contract; that at the time of the signing of same there was a fiduciary relationship between the plaintiff, Bransfield and Luby, and because of these facts and the condition in which the plaintiff was at the time of signing, the said contract is voidable. After

signing the election, plaintiff consulted other legal counsel and was advised shortly before the filing of this suit that because of the circumstances under which the postnuptial contract was signed, said contract is not binding and is voidable; that if no election had been made she would have been entitled to receive at least one-third of the estate in her own right, instead of 40 per cent of the income therefrom, and that the interest which she would take, if no election had been made and had she renounced it, would be larger by approximately $100,000 than that provided by the will. Plaintiff alleges that at the time of signing said election she was under the misapprehension of fact that she had signed a binding postnuptial contract and was compelled to elect to take under the will and had no right to renounce the will, and that the election was made under a mistake and misapprehension of fact; that had she known the postnuptial contract was voidable and had known her rights, she would not have executed the election, and that said election was made under a mistake of facts as to her rights. Plaintiff alleges that the defendant, Northern Trust Company, has applied for an order giving it leave to turn over all the assets of the estate to a trustee, and that the probate court may grant the defendant's application at any time, and if it does she will be unable to withdraw her election. Plaintiff alleges that equity should intervene and set aside the postnuptial contract, take jurisdiction of the entire estate, grant leave to the plaintiff to withdraw her election, and renounce the will, if the postnuptial contract is held to be null and void, and determine the interest of plaintiff in said estate.

Exhibit A, attached to the complaint, is a copy of the postnuptial agreement. Omitting the formal part, it is as follows: "Witnesseth, that for and in consideration of the release, relinquishment and convey-

ance of said second party to first party, hereinafter fully set forth, the said party of the first part hereby releases, relinquishes, quitclaims, sells, assigns and conveys all his rights, title and interest which said first party, as the husband of said second party, under the laws of the State of Illinois, may have acquired or which he may hereafter acquire during the lifetime of said second party, or at her death, by reason of the marriage that now subsists between said parties hereto, in and to all the property, both personal and real, which now is or hereafter during the lifetime or at the death of said second party may be owned by said second party, Annette T. Bransfield. And, for and in consideration of the above release, relinquishment and conveyance by said first party to said second party, the said party of the second part hereby releases, relinquishes, quitclaims, sells, assigns and conveys all her rights, title and interest which said second party, as the wife of said first party, under the laws of the State of Illinois, may have acquired or which she may hereafter acquire during the lifetime of said first party or at his death, by reason of the said marriage that now subsists between said parties hereto, in and to all the property, both personal and real, which now is or hereafter during the lifetime or at the death of said first party may be owned by first party, Ignatius M. Bransfield. This agreement and conveyance is, mutually intended to be, and the same is hereby expressly made and intended by each of the parties hereto as a mutual release relinquishment and conveyances of all right, title and interest that may now be or shall hereinafter be during the lifetime or at the death of either of said parties hereto, acquired by the other, by virtue of the said marriage that now subsists between said parties hereto under the laws of the State of Illinois in and to all the property, both personal and real, of the other, respectively; and it is the intention of the

parties hereto, to mutually release and waive all benefits of the laws of the State of Illinois relating to husband and wife, dower, homestead, etc., and forever bar each other, respectively, from any action to recover any interest that may now be or shall hereafter during the lifetime or at the death of either of said parties hereto to be acquired by the other in the property, both personal and real of the other respectively.''

The plaintiff complains that the decree is erroneous because the fact that an election was made to take under the will by the plaintiff, and the fact that no renunciation was made within the probate year, did not constitute a reason for dismissal of the complaint, since an election is not binding if not made with knowledge of the facts or if made by mistake or under a misapprehension or in ignorance of the facts or the rights of the elector, and may be withdrawn.

The answer of the defendants to this complaint is that the plaintiff by filing her written election in the probate court, within the year after issuance of letters testamentary, to take under the will of her deceased husband and by failing to file her renunciation of said will within the probate year, plaintiff became barred under the Illinois statute from claiming the share of her husband's estate to which she would have been entitled if her husband had died intestate.

The statutory provisions contained in ch. 41 of Cahill's Ill. Rev. St. 1933, secs. 1, 10, and 11, are material in the consideration of the questions that have been called to the attention of this court. They are as follows:

''Par. 1. Curtesy abolished—Husband and wife to have dower—Equitable Estates—Interest of surviving spouse in personalty. Section 1. The estate of curtesy is hereby abolished, and the surviving husband or wife shall be endowed of the third part of all lands whereof the deceased husband or wife was seized of an estate

of inheritance at any time during the marriage, unless the same shall have been relinquished in legal form. Equitable estates shall be subject to such dower, and all real estate of every description contracted for by the deceased husband or wife, in his or her lifetime, the title to which may be completed after his or her decease. And except where the deceased spouse died intestate, the surviving husband or wife, in case the deceased spouse died leaving surviving a child or children or descendants of a deceased child or children, shall also be entitled to one-third of all the personal property owned by the deceased spouse at his or her death, after all just debts and claims against such estate are fully paid, as and for his or her absolute estate forever; or, in case such deceased spouse left no child, children, or descendants of any deceased child or children, said surviving husband or wife shall be entitled to one-half of such personal estate of such deceased spouse, after all just debts and claims against such estate are fully paid, as and for his or her absolute estate forever.''

''Par. 10. Provision in will bars dower—Election—Renunciation—Waiver of Dower. § 10. Any devise of land, or estate therein, or any other provision made by the will of a deceased husband or wife for a surviving husband or wife, shall, unless otherwise expressed in the will, bar the dower and other rights of such survivor given by section 1 hereof, unless such survivor shall elect to and does renounce the benefit of such devise or other provision, in which case he or she shall be entitled to such dower and other rights as hereinbefore defined: Provided, that in the event of such renunciation, the surviving husband or wife shall receive as his or her absolute estate, in lieu of dower in the real estate of which the deceased died seized, one-third of each parcel of real estate which the deceased owned at the time of his death, and which shall

remain after the payment of all just debts and claims against the estate of the deceased husband or wife in which such surviving husband or wife shall waive his or her right of such dower. Such waiver may be effected by either or both of the following methods: . . ."

"Par. 11. Renunciation must be within year after letters. § 11. Any one entitled to an election under either of the two preceding sections shall be deemed to have elected to take such jointure, devise or other provision, unless within one year after letters testamentary or of administration are issued, he or she shall deliver or transmit to the county court of the proper county a written renunciation of such jointure, devise or other provision."

In the discussion of cases which come within the provisions above quoted, the Supreme Court, in one of its late opinions in the case entitled *Stubblefield v. Howard*, 348 Ill. 20, said: "The first question is whether the husband, by accepting the provisions of the will and not renouncing thereunder, was entitled to dower. . . . Section 10 (of the Dower Act) provides that any devise of land, or estate therein, or any other provision made by the will of a deceased husband or wife for a surviving husband or wife, shall, unless otherwise expressed in the will, bar the dower and other rights of such survivor given by section 1 thereof, unless such survivor shall elect to, and does, renounce the benefit of such devise or other provision, in which case he or she shall be entitled to such dower or other right as thereinbefore defined. Section 11 provides that anyone entitled to an election under either of the two preceding sections shall be deemed to have' elected to take such jointure, devise or other provision unless within one year after letters testamentary or of administration are issued, he or she shall deliver or transmit to the county court of the

proper county a written renunciation of such jointure, devise or other provision.''

Citing the case of *Warren v. Warren*, 148 Ill. 641, with approval, the court commented on what was said in that case as follows: ''It was held that a devisee cannot accept the will as to dower and reject it as to the provisions which it makes for a homestead or residence; that where the widow fails to renounce the provisions for her by her husband's will within one year after the issue of letters upon her deceased husband's estate she will be held as electing to take under the will and will not be entitled to dower in the testator's lands; that under the peculiar provisions of our statute the provisions in a will in favor of the testator's widow are declared to be a bar of her dower unless the intention that they shall not be a bar is expressed in the will itself; that the statute makes the silence of the testator the conclusive index to his intention, and the failure to renounce within a specified time is conclusive evidence that the surviving husband or wife has elected to take under the will.''

Other cases are referred to in the opinion of the court which have a material bearing upon the question before us, one of which is entitled *Ellis v. Dumond*, 259 Ill. 483, wherein it was held that the acceptance by the widow of the provisions made for her in the will bars her right to dower in the estate disposed of by the will. Other cases referred to by the court are *Palenske v. Palenske*, 281 Ill. 574, and *Schaffenacker v. Beil*, 320 Ill. 31.

See also the case of *Pearce v. Pearce*, 281 Ill. 194, and the cases cited in the opinion of the Supreme Court. In the *Pearce* case the court said: ''By his acts in performing those conditions, as alleged in his will, he clearly indicated his intention to accept the provisions of the will. The statute made it his absolute duty to renounce the provisions of the will within the time specified by the statute before he could re-

cover dower in any real estate of the deceased. The mere filing of his bill in this case to have his dower assigned is not equivalent to such an election. (*Scheible v. Rinck, supra,* 195 Ill. 636). The court therefore properly sustained the demurrer to the bill of appellant, because it was incumbent upon him to aver in his bill, and prove, that he had renounced the provisions of the will in accordance with the provisions of said sections 10 and 11. Not only does the bill fail to make such allegation, but it shows clearly on its face that he was not relying upon or intending to make any such renunciation.''.

An interesting opinion was filed in *Scheible v. Rinck,* 195 Ill. 636, wherein the Supreme Court held that a renunciation of the provisions of the will must be by way of a specific written renunciation filed in the probate proceedings within the one-year period. It also appears in that case the will devised to the testator's husband an estate for life in all of her real property and bequeathed to him her furniture therein. Within the probate year her husband filed a bill to contest the will and shortly after the expiration of the probate year he filed in the probate proceedings his written renunciation of the will. The court held that the bill to contest the will did not amount to a renunciation and did not suspend the running of the limitation, and that the written renunciation filed after the expiration of the year was ineffective.

The defendants in their motion to strike the bill of complaint urged that the facts alleged in the bill were alleged upon a mistake of law and not upon a mistake of fact.

The plaintiff contends the authorities hold that where the kind of mistake urged in the bill of complaint is made, in such cases relief will be given, and cites the case of *Hanson v. Clark,* 246 Ill. App. 496. In that case the widow made the mistake of assuming the statute applied to her, when in fact it did not, and

the court granted the relief prayed for by her, and permitted the widow to withdraw her renunciation filed within the preceding year. In another case entitled *Peter v. Peter,* 343 Ill. 493, and cited by the plaintiff, the court, in passing upon the question involved in that case, said: "Counsel for appellees argue that though the widow was mistaken in believing that the deeds from her husband vested the property in her, her mistake was one of law, and that equity will not relieve against a mistake of law. While it has been stated as a general rule that a mistake of law pure and simple is not adequate ground for relief in equity, yet even when the mistake is one of law equity sometimes intervenes. (*Moore v. Shook,* 276 Ill. 47.) Courts of equity have aided mistaken parties because of the demands of justice. Private legal rights, interests, duties or liabilities are always more or less complex, particularly to the layman. They depend upon conditions of fact as well as rules of law, and a concrete notion of a private legal right, interest or liability is not readily separated from the facts on which it depends. Such mistakes may therefore be, and frequently are, properly considered as mistakes of fact. There is no fact relating to private rights, interests, estates or liabilities that does not more or less involve rules of law, as where A proves that he is the owner of certain real estate. Such is proved as a fact, yet this fact rests upon the law relating to the sufficiency of the conveyance, the competency of the grantor to convey, and in some instances the form of the instrument, but A does not the less prove a fact because that fact involves some relation of law."

The answer of the defendants to the contention is that the plaintiff filed her election under a mistake as to the validity of the postnuptial contract between her and her deceased husband, and such election under a mistake of law cannot be urged as a ground for relief.

The statement in the plaintiff's pleading that "the said contract is a purported legal document containing legal terms which she could not understand and does not now understand" seems to be inconsistent with the statement in the same pleading that before filing her election to take under the will, she (the plaintiff) "consulted legal counsel as to the validity of said postnuptial contract." It was after this conference with her counsel that she filed this election to accept the provisions of the will, and this election, it is to be noted, was filed within the year after the will was admitted to probate.

The defendants cite an interesting case on the question of what effect advice of counsel would have upon plaintiff's position that she was unduly influenced and thereby taken advantage of, namely, *Holbrook v. Tomlinson,* 304 Ill. 579. The court in passing upon the question as to the effect of such advice given to her by her attorney said: "Under the authorities it is clear that relief should not be granted in this case as prayed, under the allegations of the bill and the proof presented in support thereof. The appellants place their reliance largely on the alleged erroneous advice of an attorney. The erroneous advice of an attorney is not sufficient ground for relief in equity as to an alleged mistake in a written instrument. (*Weed v. Weed,* 94 N. Y. 243; *Treadwell v. Clark,* 108 N. Y. Supp. 733). A general mistake of law, pure and simple, is not adequate ground for relief because of such mistake. (2 Pomeroy's Eq. Jur.—3d ed.—sec. 842; *Goltra v. Sanasack,* 53 Ill. 456.) In *Tilton v. Fairmount Lodge,* 244 Ill. 617, this court said (p. 622): 'Where the terms of the written instrument were used deliberately and knowingly by the parties, even though under a misapprehension of their legal effect, there can be no relief and no reformation of the contract.' It is obvious from these authorities that even if it be conceded that, as argued by counsel for appellants,

they made a mistake because of the incorrect legal advice of attorney Brown, the trial court rightly dismissed the bill for want of equity. It is proper to say, in view of the claim as to Brown advising improperly, that if his testimony be taken as a basis of proper comment on his action, it cannot be said that he acted improperly or should be subject to criticism because appellants misconstrued what he said as to the rights of the widow in the property. It is obvious that the widow and daughters did not fully understand the use of some of the legal terms used in the discussions. It is also obvious from the record, as already stated, that there was no intention on the part of any of the parties to this division agreement fraudulently to mislead. Appellants agreed in the selection of Brown as counsel for all the parties, and they were not misled or deceived in any way by appellee or anyone representing her.''

As we have stated before in this opinion, it was upon advice of plaintiff's counsel that she filed her election within the time limited by statutory regulation, and as far as the allegations contained in the second amended bill of complaint are concerned, we are unable to find one which charged the defendants or their attorney with making misleading statements for the purpose of taking advantage of the plaintiff. To satisfy herself as to the legal effect of the postnuptial contract between herself and her husband after his death, plaintiff conferred with an attorney and after this conference she filed her election to take under the will. In order that there may be relief there must be something appearing from the allegations which would indicate fraudulent conduct of the defendants which persuaded her to sign this contract, and under the authorities cited in this opinion, even if plaintiff had not filed her election to take under the will, still, by her failure to file a written renunciation of such will it will be presumed, as a matter of law, that she elected

to accept the provisions of the last will and testament of her late husband.

The plaintiff contends that the motions to strike the second amended complaint should have been denied on the ground that the same were dilatory and were not filed within the time provided by ch. 110, § 259.8, subd. 4, Ill. Rev. Stat. 1937; Jones Ill. Stats. Ann. 105.08, and there was no order extending the time for filing the motions nor any good cause shown on special motion after notice as required by subdivision 5. Subdivision 4 is as follows: "4. Unless otherwise provided, a motion attacking a pleading must be filed and served within 20 days after the last day allowed for the filing of the pleading attacked."

The last day allowed for the filing of the pleading attacked was August 19, 1935, and the motion to strike now under consideration was filed after the 20 days had expired, and as a fact, the motion of the Northern Trust Company was filed on October 21, 1935, and the motion of the other defendants was filed on September 25, 1935.

To this contention the defendants reply that the question was not raised by the plaintiff until the argument of the motions was in progress before the trial court. At that time, on motion of the defendants, leave was given by the court for the defendants to show cause for the filing of the motions to strike after the period provided by rule 8. Cause was accordingly shown by way of affidavits and the court thereupon proceeded to sustain the motions to strike.

The defendants contend that the question of the time of filing of the motions to strike had been waived by the plaintiff; first, by agreement between the parties at the time the order was entered giving the plaintiff leave to file the second amended complaint, as stated in the affidavit showing cause for filing late; secondly, by not making any motion or objection attacking the motions to strike because of their having

been filed late; thirdly, by recognizing the status of the case on the motions to strike until the same were being argued on their merits. The hearing on the motions to strike was continued from time to time, without objection, by the plaintiff and sometimes on her own motion. The courts have frequently held that the question of the time of filing a pleading is waived by failing to attack the pleading and by recognizing it as on file and at issue. In support of this contention the defendants have cited numerous cases. From the facts as presented by the parties upon this question, we are of the opinion that it was within the jurisdiction of the court to extend the time within which to file a motion of the character we are now considering. This is clear from subd. 5 of rule 8 above referred to, which is as follows: "5. The judge, for good cause shown on special motion after notice to the opposite party, may extend the time for putting in any pleading or the doing of any act which is required by the rules to be done, within a limited time, either before or after the expiration of the time."

It is evident that after the expiration of the time, the court, upon plaintiff's affidavits as they were presented, considered the time extended, to which no objection was made by the plaintiff other than stated in this opinion.

Accordingly, the decree of the court dismissing the second amended bill of complaint is affirmed.

*Decree affirmed.*

HALL, J., concurs.

DENIS E. SULLIVAN, J., dissenting: I cannot concur in the decision reached in the foregoing opinion. I think the judgment should be reversed and the cause remanded with directions that an order be entered overruling the motion to strike and requiring that an answer be filed to the complaint.