Louis Corash, Plaintiff, *v.* The Texas Company et al., Defendants.

Supreme Court, Special Term, New York County, August 11, 1942.

*Hays, Podell & Shulman [Mortimer Hays, Benjamin Algase, Mortimer Feuer and Maury L. Spanier* of counsel], for the plaintiff.

*Harry T. Klein,* for the defendants The Texas Company and others.

*Dunnington, Bartholow & Miller [Joseph M. Proskauer, Oscar J. Dorwin, Theodore J. Miller* and *Eugene Eisenmann* of counsel], for the defendants Dunnington and others.

Bernstein, J. This is an application by the plaintiff in a stockholder's derivative action for an order directing certain of the defendants to enter a judgment upon the order of the Appellate Division which granted the motion of said defendants for summary judgment dismissing the third cause of action set up in the complaint or, in the alternative, directing the clerk of the court to enter such judgment at the plaintiff's instance. Incidental to this relief it is sought also to sever this third cause of action as to said defendants.

It appears from the moving papers that certain of the defendants had moved for summary judgment dismissing the third cause of action upon the ground that it was barred by the three-year Statute of Limitations, that the motion was denied by the Special Term, except as to two of the defendants, and that, on appeal, it was granted as to all of the moving defendants except two. (264 App.

Div. 292.) The plaintiff is desirous of having this determination of the Appellate Division reviewed by the Court of Appeals, but finds itself barred by virtue of the familiar rule that such an appeal as of right may not be taken from an order of the Appellate Division but must be taken from a judgment entered upon the order of that court. (*Lifshutz* v. *Adams*, 285 N. Y. 180, 186.) The successful defendants have refused to enter the judgment, although requested to do so, and the clerk will not enter the judgment at the plaintiff's instance unless he is specifically directed to so enter it.

The defendants' position is that since the Appellate Division did not by its order sever the third cause of action from the others and there are other defendants left who did not move for the dismissal, a judgment entered upon the order would merely result in a piecemeal dismissal of the third cause of action and the plaintiff would not thereby obtain a right of appeal to the Court of Appeals, because such a judgment would not be a judgment which finally determines an action. (State Const. art. 6, § 7; Civ. Prac. Act, § 588, subd. 1.) Moreover, they say, since the Appellate Division did not direct the severance, a judgment dismissing the third cause of action entered upon an order of severance made by this court would be not a judgment of the Appellate Division but a judgment of this court, not appealable as of right to the Court of Appeals (*Davis* v. *Cohn*, 286 N. Y. 622), and would not serve the purpose of the plaintiff in making this application.

The question which is to be decided by the court on this application must be limited to the right of the plaintiff to the relief sought and not to the purpose that he may have in seeking the relief or the consequences that would flow from the granting of the relief. Hence the question of appealability of the judgment is one for the Court of Appeals and not for this court. Many cases are cited by the plaintiff to sustain his claim that a judgment of dismissal of the third cause of action, entered upon an order of the Appellate Division which made no provision for severance, is appealable as of right. (*Strassburger* v. *Irving Trust Co.*, 288 N. Y. 499; *Construction Corp.* v. *Berkeley Apartments, Inc.*, 286 id. 604; *Chance* v. *Guaranty Trust Co. of N. Y.*, 282 id. 656.) But it is unnecessary to pass upon that question here, and the court has given no consideration to it in making its decision. It has treated the application merely as one where one or more of several causes of action applicable to one or more of several parties defendant have been disposed of under rule 113 of the Rules of Civil Practice, and the defendants have become entitled to final judgment forthwith dismissing the complaint, to the extent warranted, and to a severance of the action (Rules Civ. Prac. rule 114). It has accepted

the decision of the Appellate Division upon the third cause of action of the complaint as the final disposition of it under the relief sought by the moving defendants when they moved for summary judgment, and as entitling them to a final judgment of dismissal of said third cause of action and a severance, as provided for by the rule. In that view of the situation presented by this application, if the successful defendants have no desire to follow up their victory by the entry of judgment there appears to be no reason why the unsuccessful plaintiff may not have it done. Identical relief has been granted in similar situations. (*Strassburger* v. *Irving Trust Co., supra; Drake* v. *Hodgson*, 119 Misc. 288; affd., 203 App. Div. 856; *McWilliams, Inc.,* v. *Ætna Insurance Co.,* 120 Misc. 117.) Pursuant to section 621 of the Civil Practice Act the entry of the order of the Appellate Division is sufficient authority for this court to direct the entry of judgment and a severance at the instance of the unsuccessful party. As was said in the *McWilliams* case (120 Misc. 117, 119): " Where a party has failed to take a necessary step, such as, in this case * * * proper action may be compelled."

The motion is granted to the extent of directing the defendants named in the notice of motion to enter a final judgment dismissing the third cause of action as to them upon the order of the Appellate Division, and in the event that they fail to do so within five days after service of a copy of the order to be entered hereon with notice of its entry, of directing the clerk of this court to enter such judgment at the instance of the plaintiff, and to the extent, further, of severing the third cause of action as to said defendants. Settle order.