■ In the Matter of MARK FRY, Appellant v VILLAGE OF TARRYTOWN et al., Respondents. [641 NYS2d 54] —In a proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the Village of Tarrytown, dated January 3, 1994, which denied the petitioner's application for a zoning variance, the petitioner appeals from a judgment of the Supreme Court, Westchester County (Lefkowitz, J.), entered May 6, 1994, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

The petitioner sought to challenge the denial of his application for a zoning variance by commencing a CPLR article 78 proceeding by order to show cause and petition. Accordingly, on the last day before the Statute of Limitations ran, the petitioner, pursuant to CPLR 304, filed, *inter alia,* a copy of the proposed order to show cause with the clerk of the Supreme Court and paid the relevant fees. Later that day, the petitioner's order to show cause was signed after, among other things, a clause granting a temporary restraining order was struck. It is not disputed that neither the original nor a conformed copy of the executed order to show cause was ever filed with the clerk of the court. Accordingly, the Supreme Court dismissed the petition, holding, *inter alia,* that the petitioner's filing was inadequate for purposes of CPLR 304. We now affirm.

Pursuant to CPLR 304 a special proceeding in the Supreme Court is commenced by filing with the clerk of the court an order to show cause and petition, or notice of petition and petition, and paying the requisite fees. Here, the petitioner argues, first, that the retention of the executed order to show cause by the law secretary for the assigned Trial Judge should be deemed sufficient for purposes of CPLR 304 because the term "clerk of the court" should be construed to encompass a law

secretary to an individual Justice and, second, that the order to show cause would have eventually been filed with the clerk of the court as part of the case file. However, concerning the first argument, the petitioner has not cited, and research has not revealed, any case which would suggest that the phrase "clerk of the court" should be construed to encompass a law secretary to an individual Justice. Moreover, we find such a proffered interpretation to be contrary to the plain language of CPLR 304, the overwhelming common understanding of attorneys as is evidenced by everyday practice, and the opinions of informed commentators (*see*, Siegel, NY State Law Digest, No. 395, Nov. 1992, at 2; *see also*, CPLR 105 [e]). Indeed, the petitioner's proffered interpretation is belied by his own initial imperfect filing with the clerk of the court.

Concerning the defendant's second argument, this Court has strictly construed CPLR 304 to require that the order to show cause as executed be filed with the clerk of the court and has characterized the failure to do so as a jurisdictional defect (*see*, *Matter of Carnese v Ferraro*, 218 AD2d 770; *see also*, *Matter of Vetrone v Mackin*, 216 AD2d 839; *Matter of Zicari v Stewart*, 207 AD2d 951). We find no grounds to distinguish *Matter of Carnese v Ferraro (supra)* from the case at bar. Accordingly, because there was no filing within the meaning of CPLR 304, the proceeding was properly dismissed. Ritter, J. P., Pizzuto, Santucci and Krausman, JJ., concur.