OPINION OF THE COURT
Joan B. Lefkowitz, J.
On March 27, 1997, the Court of Appeals reversed the Appellate Division (226 AD2d 461), which had affirmed an order of this court dismissing the CPLR article 78 proceeding for want of jurisdiction, holding that respondents waived the right to litigate the jurisdictional question and remitted the matter to the Supreme Court. (Matter of Fry v Village of Tarrytown, 89 NY2d 714, 723.) By letters dated January 7 and 9, 1998, *276 brought to the undersigned’s attention on March 10, 1998, respondents’ counsel advised the court of the above disposition (previously known to the court) and petitioner’s counsel requested a conference.
A review of the County Clerk’s file indicates that the remittitur of the Court of Appeals has not been filed and apparently has not been received by the Clerk for filing. The remittitur consists of a copy of the actual order of the Court of Appeals and the record on appeal. (Siegel, NY Prac § 545 [2d ed]; 12 Weinstein-Korn-Miller, NY Civ Prac ¶ 5524.02; 11 Carmody-Wait 2d, NY Prac, Appeals to the Court of Appeals, § 71:157; 4 NY Jur 2d, Appellate Review, § 781; 1 Newman, New York Appellate Practice § 11.09; 22 NYCRR 500.15; see, Treadwell v Clark, 124 App Div 256, 259 [1st Dept 1908], appeal dismissed 192 NY 530 [1908].)
While an appeal is pending in the Court of Appeals, the lower courts retain jurisdiction to entertain appropriate applications with respect to the case. (Kleinman v Metropolitan Life Ins. Co., 298 NY 217 [1948].) The Court of Appeals loses jurisdiction (except for recall of the remittitur, i.e., in the nature of an amendment or reargument of its order) once the remittitur is filed in the court below and acted upon. (People ex rel. Smith v Village of Nelliston, 79 NY 638 [1879]; Greyhound Bldg. Corp. v Wolf, 106 NYS2d 477 [App Term, 1st Dept 1951].)
It might be argued that once the Court of Appeals has finally disposed of the appeal, the courts below may act in respect thereto, consistent with the Court of Appeals order, without having yet received the remittitur. However, CPLR 5524 (b) specifically provides, in part, that the entry of a copy of the remittitur “shall be authority for any further proceedings.”
Therefore, for this court to proceed, a copy of the remittitur must be entered in the County Clerk’s Office. (CPLR 5524 [b]; see, Judson v Gray, 17 How Prac 289, 292-293 [Ct App 1859]; Murray v Blatchford, 2 Wend 221 [Ct Errors 1829]; People v Vignera, 29 AD2d 657 [2d Dept 1968] [especially dissent, Munder, J., at 658]; Corash v Texas Co., 178 Misc 1059 [Sup Ct, NY County 1942].)
Accordingly, the application by counsel to proceed in this matter is denied without prejudice to renewal after the filing of the remittitur. Once the remittitur is filed with the Clerk’s Office along with copies of the briefs filed with the Court of Appeals, the attorneys shall inform the court and the matter shall be appropriately addressed.