BEE JAY'S TRUCK STOP, INC. Plaintiff-Appellant, *v.* THE DEPARTMENT OF REVENUE, Defendant-Appellee.

First District (2nd Division)   No. 76-1266

Opinion filed August 9, 1977.—Rehearing denied September 26, 1977.

Julius Lucius Echeles, Carolyn Jaffe, and Michael G. Cheronis, all of Chicago, for appellant.

William J. Scott, Attorney General, of Chicago (John F. Podliska, Assistant Attorney General, of counsel), for appellee.

Mr. PRESIDING JUSTICE DOWNING delivered the opinion of the court:

Plaintiff, Bee Jay's Truck Stop, Inc., appeals from an order of the circuit court which dismissed plaintiff's complaint for review of a final assessment issued by defendant, the Department of Revenue of the State of Illinois.[1] Defendant, after a hearing, had assessed plaintiff's tax liability for unpaid Illinois motor fuel tax in the amount of $757,414.33, plus

[1] The final assessment was made in accordance with the protest and hearing procedures set forth in section 4 of the Retailers' Occupation Tax Act (Ill. Rev. Stat. 1975, ch. 120, par. 443). That section and section 12, the focus of this opinion, are both contained within the Retailers' Occupation Tax Act (Ill. Rev. Stat. 1975, ch. 120, par. 440 et seq.), and, along with certain other provisions of that Act, are made applicable to the Motor Fuel Tax Law (Ill. Rev. Stat. 1975, ch. 120, par. 417 et seq.) by section 21 of the Motor Fuel Tax Law (Ill. Rev. Stat. 1975, ch. 120, par. 434a).

interest. The circuit court granted defendant's motion to dismiss plaintiff's complaint for review because plaintiff failed to post a bond in the amount of the assessment or to petition the court for a lien in lieu of bond within 20 days of filing suit as required by section 12 of the Retailers' Occupation Tax Act (Ill. Rev. Stat. 1975, ch. 120, par. 451). In addition, the circuit court entered judgment in defendant's favor for $842,495.73, the final assessment plus further interest.

On review plaintiff asserts it lost its day in court. On the other hand, defendant urges that, because this court lacks jurisdiction to hear it, plaintiff's appeal must be dismissed. Plaintiff contends that section 12 is unconstitutionally vague and, therefore, violates due process requirements. For the reasons expressed herein, we believe that this court has appropriate jurisdiction and that the challenged statute is constitutional.

## I.

■■ Defendant claims that this court does not have jurisdiction because the filing of bond in the circuit court was a statutorily imposed jurisdictional prerequisite. Since plaintiff failed to post, within 20 days of filing suit for review, either a bond in the amount of the assessment or, within said 20 days, to petition the court for a lien in lieu of bond, defendant maintains that plaintiff is now barred from pursuing appellate review. We disagree.

Article VI, section 6 of the 1970 Illinois Constitution states that appeals from final judgments of the circuit court are a matter of right with certain exceptions not here applicable. The section also provides that this court has "such powers of direct review of administrative action as provided by law." (Ill. Const. 1970, art. VI, §6.) From this article defendant deduces that a bond was required because there is no constitutional right to appeal from administrative proceedings; and the right to appeal from such proceedings is not necessarily essential to due process, but is a right which may or may not be granted in a given situation as the legislature reasonably deems appropriate *Board of Education v. County Board of School Trustees* (1963), 28 Ill. 2d 15, 18, 191 N.E.2d 65; *Board of Education v. Gates* (2d Dist. 1974), 22 Ill. App. 3d 16, 20, 316 N.E.2d 525.

Defendant's analysis is lacking in two respects. First, whether plaintiff's right to appeal emanates from either the Constitution or the legislature is of no importance in this case if, in fact, plaintiff has such a right. Second, the instant appeal is not an appeal from administrative proceedings. Although plaintiff's complaint in the circuit court was for review of defendant's decision in an administrative hearing, plaintiff's appeal in this court is an appeal from the circuit court's order granting defendant's motion to dismiss plaintiff's complaint and entering judgment in

defendant's favor. Thus, plaintiff's action in the court below was for administrative review; plaintiff's appeal in this court is for review of a final order or judgment.

Even if plaintiff did not properly exercise its administrative rights by posting bond, plaintiff nevertheless has a right to appellate review. Nothing in section 12 bars this appeal. Furthermore, that section specifically invokes the Administrative Review Act (Ill. Rev. Stat. 1975, ch. 110, par. 264 *et seq.*). Section 13 of that Act provides:

> "Any final decision, order or judgment of the Circuit Court entered in an action to review a decision of an administrative agency may be reviewed by the Appellate Court and Supreme Court in accordance with Sections 4 and 6 of Article VI of the Constitution of the State of Illinois." (Ill. Rev. Stat. 1975, ch. 110, par. 276.)

This section has been amended (effective October 1, 1976) since the institution of the present appeal. Such amendment only strengthens our statement of jurisdiction and clarifies our reasons therefor:

> "A final decision, order or judgment of the Circuit Court, entered in an action to review a decision of an administrative agency, is reviewable by appeal as in other civil cases." (Ill. Rev. Stat. 1976 Supp., ch. 110, par. 276.)

We emphasize that the amendment was necessitated by the 1970 Constitution in order to correct language and erroneous references and to clarify ambiguous meanings. Ill. Rev. Stat. 1976 Supp., ch. 110, par. 276, amended by P.A. 78-711, §1, eff. Oct. 1, 1973; P.A. 79-1366, §17, eff. Oct. 1, 1976; see also Ill. Ann. Stat., ch. 110, par. 276 (Smith-Hurd Supp. 1977).

While we do not approve of plaintiff's failure to post bond or to petition the court for a lien in lieu of bond within 20 days, such failure did not eliminate plaintiff's right to appellate review.

## II.

■■ Plaintiff contends that the circuit court's dismissal of its complaint for review violated due process in that it effectively deprived plaintiff of its right to a day in court to litigate the propriety of defendant's administrative findings. Furthermore, plaintiff maintains that it was deprived of its property without due process of law in that the statute pursuant to which the dismissal was ordered is unconstitutionally vague. The pertinent portion of section 12 of the Retailers' Occupation Tax Act (Ill. Rev. Stat. 1975, ch. 120, par. 451) states:

> "Any suit under the 'Administrative Review Act' to review a final assessment or revised final assessment issued by the Department under this Act shall be dismissed on motion of the Department or by the court on its own motion, unless the person filing such suit

files, with the court, within 20 days after the filing of the complaint and the issuance of the summons in the suit, a bond with good and sufficient surety or sureties residing in this State or licensed to do business in this State or unless the court, in lieu of said bond, shall enter an order imposing a lien upon the plaintiff's property as hereinafter provided. \* \* \*"

In particular, plaintiff complains that the statute is vague because, while it clearly provides that a suit for review will be dismissed if bond is not posted within 20 days from the filing of suit and the issuance of summons, the statute is not clear that the 20-day period is equally applicable to the alternative procedure of having the court impress a lien in lieu of bond. Plaintiff urges that section 12 contemplates allowing a plaintiff 20 days in which to seek sufficient bond by surety and, if then he is unable to procure bond, he may *thereafter* request the court to impress a lien. We note that plaintiff in the case at bar did petition the court to impress a lien in lieu of bond several months after plaintiff filed suit for review.[2]

The resolution of plaintiff's contention turns on the question of legislative intent. The cardinal rule of statutory construction is that the true intent and meaning of the legislature must be ascertained and given effect. (*People ex rel. Kucharski v. Adams* (1971), 48 Ill. 2d 540, 543, 273 N.E.2d 7; *Droste v. Kerner* (1966), 34 Ill. 2d 495, 503, 217 N.E.2d 73; *Jackson v. Civil Service Com.* (1st Dist. 1976), 41 Ill. App. 3d 87, 91, 353 N.E.2d 331.) Such legislative intent is sought primarily from the language used in the statute, which affords the best means of its exposition. (*Department of Public Works & Buildings v. Schon* (1969), 42 Ill. 2d 537, 539, 50 N.E.2d 135; *Berwyn Lumber Co. v. Korshak* (1966), 34 Ill. 2d 320, 323, 215 N.E.2d 240.) After examining the language of the statute, we have concluded that the legislature clearly intended that a taxpayer should provide either a bond or a lien as security for his tax obligation; and that such security should be provided within 20 days of filing suit for administrative review. Thus, when a statute is plain and unambiguous, there is no need to resort to statutory construction. *Nordine v. Illinois Power Co.* (1965), 32 Ill. 2d 421, 428, 206 N.E.2d 709; *Beckmire v. Ristokrat Clay Products Co.* (2d Dist. 1976), 36 Ill. App. 3d 411, 415, 343 N.E.2d 530.

■■ Yet plaintiff argues that section 12 is ambiguous. Plaintiff's apparent contention is that if the legislature intended the 20-day time limit to apply to the imposition of liens, the legislature would have repeated the phrase, "within 20 days," when it mentioned liens. Plaintiff is evidently

---

[2] It should be noted, according to the record before us, that plaintiff's appellate lawyers were not the original lawyers representing plaintiff in the administrative proceeding or original action before the circuit court.

urging that the absence of the repeated phrase prevents this court from applying the same time limitation to both bonds and liens. We think it sufficient to note that where, as here, the main intent and purpose of the legislature can be determined from a statute, words may be modified, altered, or even supplied so as to obviate any inconsistency with the legislative intention. *Community Consolidated School District No. 210 v. Mini* (1973), 55 Ill. 2d 382, 386, 304 N.E.2d 75; *Trustees of Schools v. Sons* (1963), 27 Ill. 2d 63, 68, 187 N.E.2d 673.

■■ Plaintiff also contends that since it has lost its day in court to challenge the administrative decision, the effect of the circuit court's order of dismissal is penal in nature. Although one cannot be held criminally or quasi-criminally responsible for conduct which he cannot reasonably understand to be proscribed (*City of Chicago v. Witvoet* (1st Dist. 1975), 30 Ill. App. 3d 386, 388, 332 N.E.2d 767), plaintiff was not convicted of a crime in this case. Section 12 is not a penal statute because it did not describe plaintiff's acts (or failure to act) as an offense (*People v. Graf* (1st Dist. 1968), 93 Ill. App. 2d 43, 48, 235 N.E.2d 886), nor did it authorize any punishment for any act or failure to act (*cf. People ex rel. Kubala v. Kinney* (1962), 25 Ill. 2d 491, 492-93, 185 N.E.2d 337).

■■■ Plaintiff is also in error when it contends that section 12 is penal in nature. The object of the statute is not to inflict a punishment on a party for violating it (*Hoskins Coal & Dock Corp. v. Truax Traer Coal Co.* (7th Cir. 1951), 191 F.2d 912, 914), or even to impose a penalty for transgressing its provisions (*M. H. Vestal Co. v. Robertson* (1917), 277 Ill. 425, 428, 115 N.E. 629; *Diversey v. Smith* (1882), 103 Ill. 378, 390). In essence, section 12 placed an affirmative duty on plaintiff to act, rather than a prohibition. Plaintiff needed only to post bond or petition the court for a lien in lieu of bond within 20 days. Its failure to comply with the reasonable procedural requirement resulted in the dismissal of its complaint for review. Section 12 is neither penal, nor indefinite. An enactment will be considered adequately definite if it prescribes the duty imposed in terms definite enough to serve as a guide to one who has the involved duty imposed upon him so that he is enabled by reading the enactment to know his rights and obligations thereunder. *City of Decatur v. Kushmer* (1969), 43 Ill. 2d 334, 336, 253 N.E.2d 425.

Lastly plaintiff argues that its complaint for review was erroneously dismissed because it has a meritorious challenge to defendant's final assessment. Even plaintiff concedes, however, that the matters it raises in support of its asserted meritorious challenge are outside the record of this appeal. A reviewing court determines a case on the record only and will not consider anything which is not in the record. (*Bettenhausen v. Guenther* (1945), 388 Ill. 487, 491, 58 N.E.2d 550; *Stewart v. Stewart* (1st

Dist. 1975), 35 Ill. App. 3d 236, 240, 341 N.E.2d 136.) Nothing plaintiff contends has convinced us to depart from these well established principles.

In summary, therefore, we hold (1) that this court has jurisdiction to review the circuit court's order; and (2) that the challenged statute (Ill. Rev. Stat. 1975, ch. 120, par. 451) is neither unconstitutionally vague, nor violative of due process. Accordingly, we affirm the order of the circuit court of Cook County dismissing plaintiff's complaint for review and imposing judgment in defendant's favor.

Affirmed.

STAMOS and PERLIN, JJ., concur.