STREATOR BRICK SYSTEMS, INC., Plaintiff-Appellant, *v.* THE DEPARTMENT OF REVENUE, Defendant-Appellee.

Third District   No. 77-231

Opinion filed March 10, 1978.

Emmanuel F. Guyon, of Streator, for appellant.

William J. Scott, Attorney General, of Chicago (Paul Bargiel and Joseph D. Keenan, III, Assistant Attorneys General, of counsel), for appellee.

Mr. JUSTICE SCOTT delivered the opinion of the court:

This is an appeal from an order of the circuit court of La Salle County which dismissed an action for administrative review of a decision of the Illinois Department of Revenue which assessed the plaintiff, Streator Brick Systems, Inc., with certain tax liability. The administrative review action was dismissed on the ground that the circuit court lacked jurisdiction.

As briefly as possible the factual prelude which resulted in this appeal is as follows. The plaintiff acquired the assets of the Hydraulic Press Brick Company which manufactured bricks at Streator and Sparland, Illinois. When the plaintiff commenced operations in 1973 the State of Illinois through the Department of Labor assessed an unemployment compensation rate of 4% against the plaintiff, based on the contention that the plaintiff was a successor corporation to Hydraulic Press Brick Company and not a new corporation. The assessment for a new corporation would have been 2.7%.

The State of Illinois collected compensation in the sum of $18,083.21 based on the 4% rate, however, an appeal was taken by the plaintiff which resulted in the assessment rate being reduced to 2.7%. A request by the plaintiff for a return of the amount of the overpayment to the Department of Labor was denied, but instead such overage was to be allowed as a credit to future payments as they became due and owing.

Subsequent to the commencement of the plaintiff's operations a contract was entered into between the plaintiff and a Pennsylvania

company whereby a drastic conversion was to be made by the Pennsylvania company as to the method and manner bricks were to be manufactured and produced by the plaintiff corporation. The contract provided that any sales tax due and collected against the Pennsylvania company would be indemnified by the plaintiff.

The Department of Revenue of the State of Illinois examined the new installation of the plaintiff and determined that the sum of $4,610.35 was due and owing the State of Illinois under the terms of the Retailers' Occupation Tax. An appeal was taken by the plaintiff from this determination under the terms of the Administrative Review Act. The court granted a motion of the defendant Department of Revenue to dismiss the appeal for failure of the plaintiff to file a bond or otherwise comply with section 12 of the Retailers' Occupation Tax Act (Ill. Rev. Stat. 1975, ch. 120, par. 451). The trial court held that such failure on the part of the plaintiff was jurisdictional.

The paramount contention of the plaintiff is twofold, first, that the filing of an appeal bond is not a jurisdictional requirement in a revenue case and, secondly, the filing of an appeal bond is not a jurisdictional requirement when the State of Illinois already has sufficient money (belonging to the party desiring to appeal) in its possession in order to cover any tax liability that might be assessed.

In determining this twofold question posed by the plaintiff we first direct our attention to the pertinent statutory provision which provides:

"Any suit under the 'Administrative Review Act' to review a final assessment or revised final assessment issued by the Department under this Act *shall be dismissed on motion of the Department or by the court on its own motion,* unless the person filing such suit *files,* with the court, *within 20 days* after the filing of the complaint and the issuance of the summons in the suit, *a bond* with good and sufficient surety or sureties residing in this State or licensed to do business in this State *or unless the court,* in lieu of said bond, shall enter an order imposing a lien upon the plaintiff's property as hereinafter provided. When dismissing the complaint, the court shall enter judgment against the taxpayer and in favor of the Department * * *." (Emphasis added.) Ill. Rev. Stat. 1975, ch. 120, par. 451.

This statutory language was construed in the case of *Bee Jay's Truck Stop, Inc. v. Department of Revenue* (1977), 52 Ill. App. 3d 90, 367 N.E.2d 173. In this case the reviewing court affirmed a circuit court's order dismissing a plaintiff's complaint for administrative review because plaintiff failed to post a bond in the amount of the assessment or to petition the court for a lien in lieu of bond within 20 days of filing suit. In so holding the reviewing court stated:

" * * * In essence, section 12 placed an affirmative duty on plaintiff to act, rather than a prohibition. Plaintiff needed only to post bond or petition the court for a lien in lieu of bond within 20 days. Its failure to comply with the reasonable procedural requirement resulted in the dismissal of its complaint for review. * * *" *Bee Jay's Truck Stop, Inc. v. Department of Revenue* (1977), 52 Ill. App. 3d 90, 95, 367 N.E.2d 173.

From the above language it is unequivocally clear to us that the plaintiff's action for administrative review in the instant case was properly dismissed whether said dismissal was on the ground of lack of jurisdiction or failure to meet a condition precedent required by the statute, to-wit, the filing of a bond or the filing of a petition in lieu of bond.

■■ We now direct our attention to the question as to whether the credit the plaintiff had with the Department of Labor in the sum of $7,623.46 would serve to alleviate the necessity of filing a bond in the administrative review proceedings. We recognize that the amount of credit due the plaintiff was in excess of the amount in controversy in the administrative review proceedings, however, we also are cognizant of the fact that two separate and distinct agencies are involved. The Department of Labor owed a credit to the plaintiff, yet the administrative review proceedings were directed against the Department of Revenue. We are of the opinion that the burden was not upon the defendant or the trial court to make or attempt to make arrangements for the credit due the plaintiff to serve and be recognized as a bond. Assuming arguendo that a credit of money due the plaintiff from some State department could suffice as a bond or some way be subject to a lien so as to satisfy the statutory requirements (Ill. Rev. Stat. 1975, ch. 120, par. 451), the burden was nevertheless upon the plaintiff to bring this information, suggestion or request to the trial court within 20 days from the filing of the complaint for administrative review. This burden the plaintiff failed to meet and hence its complaint was properly dismissed.

■■ The plaintiff does contend that the trial court did not hear and determine its case with convenient speed as required by section 11 of the Administrative Review Act (Ill. Rev. Stat. 1975, ch. 110, par. 274). This contention presupposes that the plaintiff had on file a proper suit to be heard and determined. For the reasons previously stated regarding the filing of a bond or petitioning for a lien, we harbor doubts as to whether or not the plaintiff had on file a suit which could be heard and determined. However, assuming that a proper suit was on file, the plaintiff waived any lack of diligence on the part of the defendant when it elected to answer the defendant's motion to dismiss. See *De Ronchi v. Northern Trust Co.* (1937), 292 Ill. App. 136, 10 N.E.2d 975, where the reviewing court held that the question as to whether a pleading is timely filed is waived when

12

an adversary fails to attack it on that grounds but instead responds to it. When the plaintiff in the instant case elected to respond to defendant's motion to dismiss by filing an answer to it, the right to attack the timeliness of the motion was waived.

For the reasons set forth the decision of the circuit court of La Salle County is affirmed.

Affirmed.

ALLOY, P. J., and STOUDER, J., concur.