DIAMOND JIM'S, INC., Plaintiff-Appellant, *v.* THE DEPARTMENT OF REVENUE, Defendant-Appellee.

First District (3rd Division)   No. 77-607

Opinion filed November 15, 1978.

Hollobow & Taslitz, of Chicago, for appellant.

William J. Scott, Attorney General, of Chicago (Joseph D. Keenan, III, Assistant Attorney General, of counsel), for appellee.

Miss JUSTICE McGILLICUDDY delivered the opinion of the court:
This is an appeal from an order of the Circuit Court of Cook County dismissing the plaintiff's complaint for administrative review. On November 10, 1976, the plaintiff filed its complaint to review two assessments issued by the Department of Revenue of the State of Illinois against the plaintiff for unpaid State Retailers' Occupation Tax, Municipal Retailers' Occupation Tax, fraud penalties and statutory interest in the amounts of $34,586.86 and $17,713.01. On January 31, 1977, the Department of Revenue filed a motion to dismiss the plaintiff's complaint and to enter judgment for the defendant asserting that the plaintiff failed to comply with the procedural requirements of section 12 of the Retailers' Occupation Tax Act, which in pertinent part, provides:

> "Any suit under the 'Administrative Review Act' to review a final assessment or revised final assessment issued by the Department under this Act shall be dismissed on motion of the Department or by the court on its own motion, unless the person filing such suit files, with the court, within 20 days after the filing of the complaint and the issuance of the summons in the suit, a bond with good and sufficient surety or sureties residing in this State or licensed to do business in this State or unless the court, in lieu of said bond, shall enter an order imposing a lien upon the plaintiff's property as hereinafter provided." Ill. Rev. Stat. 1975, ch. 120, par. 451.

The plaintiff did not file a bond with the court nor cause the court to impress a lien upon its property in lieu of bond within 20 days of the filing of the complaint. In its answer to the motion to dismiss, the plaintiff asserted that it was unable to furnish a surety or bond because the Department of Revenue had seized all of its assets. The plaintiff also requested that the court impose a lien upon its property in lieu of a bond. On January 31, 1977, the court entered an order dismissing the complaint and entered judgment in favor of the Department of Revenue in the amount of $52,299.87, plus statutory interest in the amount of $1,548.25. It is from this order that the plaintiff appeals.

The plaintiff argues that the 20-day time requirement of section 12 refers only to the time period within which the plaintiff can file a bond. If

the time requirement also applies to the period in which the court can impress a lien in lieu of bond, the plaintiff asserts that section 12 is unconstitutionally vague and, therefore, deprives the plaintiff of its property without due process. The defendant replies that these issues were recently resolved by this court in *Bee Jay's Truck Stop, Inc. v. Department of Revenue* (1977), 52 Ill. App. 3d 90, 367 N.E.2d 173, *cert. denied* (1978), 435 U.S. 970, 56 L. Ed. 2d 61, 98 S. Ct. 1610.

■■ In *Bee Jay's Truck Stop* the plaintiff appealed from an order dismissing its complaint for review of a final assessment of the Department of Revenue for failure to comply with the procedural requirements of section 12. In rejecting the plaintiff's contention that this section is unconstitutionally vague, the court held as follows:

> "After examining the language of the statute, we have concluded that the legislature clearly intended that a taxpayer should provide either a bond or a lien as security for his tax obligation; and that such security should be provided within 20 days of filing suit for administrative review. Thus, when a statute is plain and unambiguous, there is no need to resort to statutory construction. [Citations.]
>
> Yet plaintiff argues that section 12 is ambiguous. Plaintiff's apparent contention is that if the legislature intended the 20-day time limit to apply to the imposition of liens, the legislature would have repeated the phrase, 'within 20 days,' when it mentioned liens. Plaintiff is evidently urging that the absence of the repeated phrase prevents this court from applying the same time limitation to both bonds and liens. We think it sufficient to note that where, as here, the main intent and purpose of the legislature can be determined from a statute, words may be modified, altered, or even supplied so as to obviate any inconsistency with the legislative intention. [Citations.]" (52 Ill. App 3d 90, 94-95.)

We agree with the court's conclusion in *Bee Jay's Truck Stop*. We hold that section 12 (Ill. Rev. Stat. 1975, ch. 120, par. 451) is neither unconstitutionally vague, nor violative of due process.

■■ The plaintiff also points out that the action of the Department of Revenue in seizing all of the plaintiff's assets made it impossible for plaintiff to obtain a bond. We do not find this argument persuasive because section 12 also provides that:

> "If the court finds in a particular case that the plaintiff cannot procure and furnish a satisfactory surety or sureties for the kind of bond required herein, the court may relieve the plaintiff of the obligation of filing such bond, but shall enter an order, in lieu of such bond, subjecting the plaintiff's real and personal property

(including subsequently acquired property), situated in the county in which such order is entered, to a lien in favor of the Department." Ill. Rev. Stat. 1975, ch. 120, par. 451.

The court could have imposed a lien on any property the plaintiff might have acquired in the future if the plaintiff had acted within the time limit established by the statute.

For the foregoing reasons, the judgment of the Circuit Court is hereby affirmed.

Affirmed.

JIGANTI, P. J., and SIMON, J., concur.