RANDY'S HOUSE OF STEELE, INC., Plaintiff-Appellee, *v.* ROBERT H. ALLPHIN, Director of Revenue, *et al.*, Defendants-Appellants.

Second District   No. 78-369

Opinion filed September 27, 1979.

William J. Scott, Attorney General, of Chicago (Joseph D. Keenan, III, Assistant Attorney General, of counsel), for appellants.

Joseph A. Lamendella and Kris Daniel, both of Betar & Lamendella, of Chicago, for appellee.

Mr. JUSTICE NASH delivered the opinion of the court.

This case involves an appeal from a trial court order reversing a decision of the Department of Revenue (Department) which had issued a tax assessment against plaintiff in the amount of $7,279.56. We reverse on the ground that the trial court lacked jurisdiction, in this case, to review the decision of the Department of Revenue.

In October 1973 the Department of Revenue conducted an audit of Randy's House of Steele for the three-year period of July 1970 to June 1973 for the purpose of determining whether plaintiff owed additional Illinois retailers' occupation tax and Du Page County retailers' occupation tax. After conducting the audit, the Department issued a

notice of tax liability in the amount of $18,636.84. A hearing was held at which the taxpayer challenged the Department's assessment and on March 29, 1976, the Department issued a final tax assessment in the amount of $7,279.56.

On April 26, 1976, plaintiff filed a complaint in the circuit court for administrative review of the Department's final assessment. On May 21, 1976, plaintiff petitioned the court to impose a lien on his property in lieu of bond pursuant to section 12 of the Retailers' Occupation Tax Act (Ill. Rev. Stat. 1975, ch. 120, par. 451) and it was granted. On April 26, 1978, after reviewing the case, the trial court entered its order reversing the Department's final tax assessment on the ground that the Department had failed to meet its burden of proof. Defendants filed a timely notice of appeal.

The Department raises two issues on appeal: (1) whether the trial court had jurisdiction to review the decision of the Department of Revenue where the plaintiff failed to post bond or petition the court to impose a lien in lieu of bond within 20 days of filing suit as required by section 12 (Ill. Rev. Stat. 1975, ch. 120, par. 451); and (2) whether the plaintiff presented sufficient evidence to overcome the statutory presumption in favor of the Department of Revenue's decision.

The jurisdictional question must be determined by examining the statutory language which governs the procedure for reviewing decisions of the Department of Revenue. Section 12 provides, in pertinent part:

"Any suit under the 'Administrative Review Act' to review a final assessment or revised final assessment issued by the Department under this Act shall be dismissed on motion of the Department or by the court on its own motion, unless the person filing such suit files, with the court, within 20 days after the filing of the complaint and the issuance of the summons in the suit, a bond with good and sufficient surety or sureties residing in this State or licensed to do business in this State or unless the court, in lieu of said bond, shall enter an order imposing a lien upon the plaintiff's property as hereinafter provided. When dismissing the complaint, the court shall enter judgment against the taxpayer and in favor of the Department * * *." (Ill. Rev. Stat. 1975, ch. 120, par. 451.)

The central question in this appeal is whether the failure to comply with this provision is a jurisdictional rather than a procedural error which can be raised for the first time on appeal.

In *Bee Jay's Truck Stop, Inc. v. Department of Revenue* (1977), 52 Ill. App. 3d 90, 367 N.E.2d 173, *cert. denied* (1978), 435 U.S. 970, 56 L. Ed. 2d 61, 98 S. Ct. 1610, the court upheld the propriety of the trial court's dismissal of the action where the plaintiff had failed to post bond or petition for lien in lieu of bond within 20 days of filing the action. In addition, *Bee Jay's* upheld the constitutionality of this provision. (52 Ill.

App. 3d 90, 96, 367 N.E.2d 173, 178; see also *Diamond Jim's, Inc. v. Department of Revenue* (1978), 66 Ill. App. 3d 613, 384 N.E.2d 428.) Neither *Bee Jay's* nor *Diamond Jim's* reach the specific question of whether a failure to comply with section 12 involved a jurisdictional error.

In *Streator Brick Systems, Inc. v. Department of Revenue* (1978), 58 Ill. App. 3d 8, 373 N.E.2d 1040, the court was again called upon to decide the propriety of the trial court's dismissal of a petition for administrative review which failed to comply with section 12. The court in *Streator* affirmed the dismissal, finding it was warranted either because the trial court lacked jurisdiction or because the plaintiff had failed to meet a condition precedent required by the statute. (58 Ill. App. 3d 8, 11, 373 N.E.2d 1040, 1042.) Unfortunately, it is not clear which basis was decisive in the court's conclusion. Nonetheless we conclude that the failure to comply with the requirements of section 5 deprives the trial court of subject matter jurisdiction and thus can be raised for the first time on appeal. See *Ingram v. License Appeal Com.* (1971), 131 Ill. App. 2d 218, 268 N.E.2d 469.

In *Alton R.R. Co. v. Illinois Commerce Com.* (1950), 407 Ill. 202, 95 N.E.2d 76, plaintiff sought review of a decision of the Illinois Commerce Commission but failed to file a petition for rehearing prior to the appeal as required by the statute. The trial court denied defendant's motion to dismiss on the ground that it lacked jurisdiction to hear the appeal. The appellate court reversed noting that "[a]ppeals from orders of the Commerce Commission are purely statutory, and to become legally effective they must be prosecuted in accordance with the requirements of the statute. [Citations.]" (407 Ill. 202, 206, 95 N.E.2d 76, 78.) As a result, the appellate court concluded that the trial court lacked jurisdiction to review the administrative decision where the plaintiff had failed to follow the statutory procedure for review.

We find the same rationale applies to the instant case. First, the statutory language ("shall") is mandatory. Secondly, where the plaintiff fails to comply with the requirements, the trial court, on the motion of the Department, or *on its own motion,* is directed to dismiss the action. The fact that the trial court can on its own take cognizance of the error indicates that it is not a waivable error. In addition, the drastic action of dismissing plaintiff's complaint would not be reasonable if the error were a mere procedural defect. Since the legislature chose this drastic remedy, we can only conclude that it intended the prerequisite to be jurisdictional.

Plaintiff's argument that section 5 of the Administrative Review Act (Ill. Rev. Stat. 1977, ch. 110, par. 268) confers jurisdiction on the circuit courts to review decisions of administrative agencies is not persuasive. Section 5 is a general grant of jurisdiction and must be read in conjunction with the specific statute concerning review of the agency's decisions. Thus, in this case, the requirements of both the Retailers' Occupation

Tax Act and the Administrative Review Act must be met. Since plaintiff failed to comply with the requirements of section 12, we conclude that the trial court lacked jurisdiction to review the decision of the Department of Revenue. Because we view this issue as dispositive, we do not reach the second question in this appeal.

We therefore reverse the decision of the Circuit Court of Du Page County on the ground that it lacked jurisdiction, in this case, to review the decision of the Department of Revenue.

Judgment reversed.

SEIDENFELD and WOODWARD, JJ., cencur.