GLASCO ELECTRIC COMPANY, Plaintiff-Appellant, *v.* THE DEPARTMENT
OF REVENUE, Defendant-Appellee.

Fourth District    No. 16102

Opinion filed August 29, 1980.

Brown, Hay & Stephens, of Springfield (Edward J. Cunningham and Mark H. Ferguson, of counsel), for appellant.

William J. Scott, Attorney General, of Chicago (Joseph D. Keenan, III, Assistant Attorney General, of counsel), for appellee.

Mr. JUSTICE GREEN delivered the opinion of the court:

We are concerned here with the provisions of section 12 of the Retail-

ers' Occupation Tax Act (Ill. Rev. Stat. 1977, ch. 120, par. 451), which requires a petitioner seeking review of final assessments or reassessments for certain types of State taxes to either (1) file a sufficient bond in the circuit court within 20 days of the filing of the administrative review, or (2) obtain an order from the circuit court in which the petition for review is filed, placing a lien upon the petitioner's property to secure payment of the taxes in issue. Section 12 of the Use Tax Act (Ill. Rev. Stat. 1979, ch. 120, par. 439.12) incorporates this provision, and the question presented is whether compliance with the foregoing is necessary for the circuit court to retain jurisdiction or whether compliance can be waived. We hold that compliance is not jurisdictional and can be waived and was here waived.

On August 8, 1978, after various administrative proceedings, defendant, Department of Revenue, issued a final notice of deficiency assessing the use tax liability of plaintiff, Glasco Electric Company, to total $22,332.22 for the tax years 1974 through 1976. Plaintiff then filed a complaint for administrative review in the circuit court of Sangamon County on September 13, 1978. On November 29, 1978, well beyond the 20-day limit of section 12, plaintiff, for the first time, filed a proper bond in that court, and the bond was approved. The case lay dormant until November 1, 1979, when defendant filed a motion to dismiss, claiming the plaintiff's failure to timely file bond had deprived the court of jurisdiction. Plaintiff countered by filing an affidavit indicating agreements by members of the Attorney General's staff which would constitute a waiver by them of the timely filing requirement if that can be waived. Defendant filed no counteraffidavit. On that same date, the motion was heard and the court entered an order determining the 20-day requirement to be jurisdictional: (1) dismissing the complaint; and (2) entering judgment in favor of defendant and against plaintiff for the amount of the reassessment plus interest and costs. After plaintiff's motion to reconsider was denied, plaintiff appealed to this court.

■■ Neither the supreme court nor this court has ever passed upon the question of whether the 20-day requirement of section 12 is jurisdictional. However, in *Randy's House of Steele, Inc. v. Allphin* (1979), 76 Ill. App. 3d 788, 395 N.E.2d 197, the appellate court for the second district was faced with the issue and, *sua sponte*, dismissed a section 12 appeal because bond had not been timely filed. The precedent of that case was binding upon the circuit court but not upon us. (*People v. Spahr* (1978), 56 Ill. App. 3d 434, 371 N.E.2d 1261.) Thus, the circuit court properly dismissed the case, but we are free to review that order without being similarly bound.

■■ ■ Article VI, section 9, of the Illinois Constitution of 1970 grants circuit courts original jurisdiction "of all justiciable matters" with minor exceptions where that jurisdiction is exclusively in the supreme court, but

it also specifically states that "Circuit Courts shall have such power to review administrative action *as provided by law.*" (Emphasis added.) Accordingly, absent legislation, administrative review is not a matter of right under section 9. (*Board of Education v. Gates* (1974), 22 Ill. App. 3d 16, 316 N.E.2d 525.) Nor does that section prevent the legislature from conditioning the circuit court's jurisdiction to entertain a particular type of administrative review upon the filing of a bond to secure payment of sums of money administratively determined to be owed.

Pertinent parts of section 12 provide:

> "Any suit under the 'Administrative Review Act' to review a final assessment or a revised final assessment issued by the Department under this Act shall be *dismissed on motion of the Department or by the court on its own motion,* unless the person filing such suit files, with the court, within 20 days after the filing of the complaint and the issuance of the summons in the suit, a bond with good and sufficient surety or sureties * * *. *When dismissing the complaint, the court shall enter judgment against the taxpayer and in favor of the Department in the amount of the final assessment or revised final assessment, together with any interest which may have accrued since the Department issued the final assessment * * * and for costs,* * * *.
>
> If the court finds in a particular case that the plaintiff cannot procure * * * [a] bond required herein, the court may relieve the plaintiff of the obligation of filing such bond, but shall enter an order, in lieu of such bond, subjecting the plaintiff's real and personal property * * * to a lien in favor of the Department." (Emphasis added.) Ill. Rev. Stat. 1977, ch. 120, par. 451.

Although the bond requirement of section 12 has been in force since 1953 the question of the timely filing of such a bond has been before the courts of review of the States in only four cases. (*Randy's House of Steele, Inc.*; *Streator Brick Systems, Inc. v. Department of Revenue* (1978), 58 Ill. App. 3d 8, 373 N.E.2d 1040; *Diamond Jim's, Inc. v. Department of Revenue* (1978), 66 Ill. App. 3d 613, 384 N.E.2d 428; *Bee Jay's Truck Stop, Inc. v. Department of Revenue* (1977), 52 Ill. App. 3d 90, 367 N.E.2d 173, *cert. denied* (1978), 435 U.S. 970, 56 L. Ed. 2d 61, 98 S. Ct. 1610.) Only in *Randy's House of Steele, Inc.*, was the reviewing court required to pass on the question of whether compliance was jurisdictional. The issue was raised for the first time on appeal, and the appellate court held that the circuit court had lacked jurisdiction of the administrative review because of the taxpayer's failure to timely comply. The appellate court determined that the legislature had intended for the requirement to be jurisdictional because (1) it had stated in mandatory language that upon non-compliance, the court "shall" dismiss the suit, and (2) it had directed the

court to do so "on its own motion." In *Streator Brick Systems, Inc.*, no question of collateral attack or waiver was involved, but the appellate court affirmed a trial court's dismissal for noncompliance, saying that the dismissal was justified on either the theory that the circuit court lacked jurisdiction or merely because the taxpayer had failed to comply with the statute. In the other two cases failure of timely compliance with the bond requirement was held to be valid ground for dismissal, but the question of jurisdiction was not discussed. Defendant relies upon the reasoning of the court in *Randy's House of Steele, Inc.*

We recognize that by analogy to common law procedural principles, the legislative direction to the court to act *sua sponte* creates some inference that the bond or lien requirement was to be jurisdictional, but we deem that analogy to common law procedural principles more strongly suggests that compliance with those requirements was not intended to be jurisdictional.

■■ Section 12 provides that at the time the circuit court dismisses the taxpayer's complaint for administrative review it shall also enter a money judgment in favor of the Department of Revenue and against the taxpayer. Ordinarily, a court lacking subject matter jurisdiction of a case has power only to dismiss the case. (*People ex rel. Carlstrom v. Shurtleff* (1933), 355 Ill. 210, 189 N.E. 291.) Under defendant's interpretation of section 12, the taxpayer's filing a petition for administrative review and then failing to comply with the bond or lien requirement would leave the court without jurisdiction to proceed with administrative review but with power to enter a money judgment concerning the matter upon which the review was sought. We recognize that article VI, section 9, of the Illinois Constitution of 1970 empowers the legislature to enact such a law but such a procedure would be most unusual.

The mandatory language of section 12 is similar to that in section 8—103 of the Local Governmental and Governmental Employees Tort Immunity Act (Ill. Rev. Stat. 1979, ch. 85, par. 8—103), which provides that a tort action against a governmental entity or officer "shall be dismissed" if statutory notice of the injury is not given with one year. In *Helle v. Brush* (1973), 53 Ill. 2d 405, 292 N.E.2d 372, compliance with the notice requirement was held not to be a condition precedent to the cause of action but similar to a provision of a statute of limitations that could be waived by a party. No contention was even made that the notice requirement was jurisdictional in the sense that a judgment obtained absent notice would render such a judgment subject to collateral attack. We recognize the difference between the plenary jurisdiction of circuit courts in "justiciable" matters and their limited jurisdiction in administrative review, but we consider the trend to construe the word "shall" as not being absolutely mandatory to be significant.

Section 12 does not expressly state that the 20-day requirement is

applicable to the alternate method of compliance by obtaining a lien order, but the section has been so interpreted. (*Diamond Jim's, Inc.*; *Bee Jay's Truck Stop.*) The failure of the legislature to be more precise on this point would give at least slight indication that it did not consider a question so important as that of jurisdiction to be involved.

Finally, we note that with the enactment of the Civil Practice Act of 1933 (Ill. Rev. Stat. 1933, ch. 110, par. 125 *et seq.*), filing of bond was no longer a jurisdictional requirement for the vast majority of civil appeals and such continued to be the case under subsequent legislation and Supreme Court Rules. We consider this studied legislative and judicial policy to be significant in determining the intent of the uncertain legislative provision before us.

As the sufficiency of plaintiff's affidavit to show grounds for waiver is not disputed, we reverse the order of the circuit court dismissing the case and remand the case to it to proceed with administrative review.

Reversed and remanded.

TRAPP and WEBBER, JJ., concur.