THE HOPEDALE MEDICAL FOUNDATION, Plaintiff-Appellee, *v.*
JAMES B. ZAGEL, Director, Illinois Department of Revenue, *et al.*,
Defendants-Appellants.

Third District    Nos. 81-35, 81-36 cons.

Opinion filed June 30, 1981.

Tyrone C. Fahner, Attorney General, of Chicago (Patricia Rosen, Assistant Attorney General, of counsel), for appellants.

Richard D. Price, Jr., of Cassidy, Cassidy, Mueller and Price, of Peoria, for appellee.

Mr. JUSTICE BARRY delivered the opinion of the court:

This is an appeal by defendant Illinois Department of Revenue (Department) from an order of the circuit court of Peoria County denying

defendant Department's motion to dismiss plaintiff Hopedale Medical Foundation's complaint for Administrative Review. Ill. Rev. Stat. 1979, ch. 110, pars. 264-279.

We reverse.

The facts of this case are as follows. On August 11, 1980, plaintiff filed a complaint for administrative review in the Circuit Court of Peoria County, seeking judicial review of determination by the defendant Department that plaintiff was liable for over $101,000 in Retailers' Occupation Tax. (Ill. Rev. Stat. 1979, ch. 120, pars. 440-453.) On September 8, 1980, the Department filed a motion to dismiss plaintiff's complaint on the grounds that plaintiff had neither filed a bond nor had a lien imposed upon its property as required by section 12 of the Retailers' Occupation Tax Act (Ill. Rev. Stat. 1979, ch. 120, par. 451). The Department's motion to dismiss was denied on October 7, 1980, and on that same day the circuit court imposed a lien upon plaintiff's property pursuant to section 12 of the Retailers' Occupation Tax Act *nunc pro tunc* to August 11, 1980, the date the complaint for administrative review was filed.

■■ On appeal, the defendant contends that it was error for the circuit court to deny the Department's motion to dismiss and to impose a lien *nunc pro tunc* to August 11, 1980. We agree. Section 12 of the Retailers' Occupation Tax Act provides, in pertinent part, that:

> "Any suit under the 'Administrative Review Act' to review a final assessment or revised final assessment issued by the Department under this Act shall be dismissed on motion of the Department or by the court on its own motion, unless the person filing such suit files, with the court, within 20 days after the filing of the complaint and the issuance of the summons in the suit, a bond with good and sufficient surety or sureties residing in this State or licensed to do business in this State or unless the court, in lieu of said bond, shall enter an order imposing a lien upon the plaintiff's property as hereinafter provided. When dismissing the complaint, the court shall enter judgment against the taxpayer and in favor of the Department in the amount of the final assessment or revised final assessment, together with any interest which may have accrued since the Department issued the final assessment or revised final assessment, and for costs, upon which judgment execution may issue as in other cases." (Ill. Rev. Stat. 1979, ch. 120, par. 451.)

Relying upon an interpretation of this statutory language by the court in *Bee Jay's Truck Stop, Inc. v. Department of Revenue* (1977), 52 Ill. App. 3d 90, 367 N.E.2d 173, this court, in *Streator Brick Systems, Inc. v. Department of Revenue* (1978), 58 Ill. App. 3d 8, 11, 373 N.E.2d 1040, 1042, held that failure to post an appeal bond within 20 days of the filing of a complaint for administrative review justified dismissal of the

complaint, "whether said dismissal was on the ground of lack of jurisdiction or failure to meet a condition precedent required by statute, to-wit, the filing of a bond or the filing of a petition in lieu of bond." Because no appeal bond was filed by plaintiff nor lien imposed within 20 days of the filing of the complaint for administrative review (see *Bee Jay's Truck Stop, Inc. v. Department of Revenue* (1977), 52 Ill. App. 3d 90, 367 N.E.2d 173), we hold that the trial court erred in failing to dismiss plaintiff's complaint. While doing so we note that the Fourth District case of *Glasco Electric Co. v. Department of Revenue* (1980), 87 Ill. App. 3d 1070, 409 N.E.2d 511, is distinguishable. The Department's timely filing of its motion to dismiss in the instant case negates any allegation of waiver of the two statutory prerequisites.

■■■ We do not believe the court's *nunc pro tunc* order of October 7, insofar as it imposes a lien on plaintiff's property pursuant to section 12 of the Retailers' Occupation Tax Act as of the date of the filing of the complaint, cures plaintiff's failure to post a bond or to have a lien imposed within the 20-day statutory period. "A *nunc pro tunc* order is an entry now for something previously done, made to make the record speak now for what was actually done then. [Citations.] A court has inherent power to make an entry *nunc pro tunc* at any time, even after the expiration of its term, to correct a clerical error or matter of form so that the record reflects the actual order or judgment rendered by the court when such entry is based upon a definite and certain record." (*Kooyenga v. Hertz Equipment Rentals, Inc.* (1979), 79 Ill. App. 3d 1051, 1055-56, 399 N.E.2d 216, 219.) The action taken by the trial court in the instant case is much more than a mere correction of a clerical error or a matter of form. Obviously it is an attempt to cure a fatal procedural defect and thereby save plaintiff's complaint from dismissal. The *nunc pro tunc* order entered in the instant case cannot supply the condition precedent to the maintenance of plaintiff's action. It can do no more than reflect what was actually done by plaintiff within the 20 day statutory period to meet the requirements set forth therein. Here, plaintiff did nothing. The use of a *nunc pro tunc* order to reflect a nonexistent occurrence was erroneous.

For these reasons, we reverse the order of the circuit court of Peoria County, and remand this cause with directions to dismiss plaintiff's complaint and enter judgment for defendant Department. Ill. Rev. Stat. 1979, ch. 120, par. 451.

Reversed and remanded with directions.

SCOTT, P. J., and STOUDER, J., concur.